STATE of Tennessee, Appellee,

v.

Thomas Lee MATTHEWS, Appellant.

Court of Criminal Appeals of Tennessee, at Jackson.

Aug. 22, 1990.

Permission to Appeal Denied by Supreme Court Nov. 13, 1990.

Charles W. Burson, Atty. Gen. and Reporter, Joel W. Perry, Asst. Atty. Gen., Nashville, Hugh W. Stanton, Jr., Dist.

Atty. Gen., Glenn I. Wright, Asst. Dist. Atty. Gen., Memphis, for appellee.

Howard L. Wagerman, William B. Seligstein, Memphis, for appellant.

## OPINION

JONES, Judge.

The appellant, Thomas Lee Matthews, was convicted of unlawfully possessing a controlled substance, cocaine, with the intent to sell by a jury of his peers. The trial judge, finding that the appellant was a persistent offender and he had committed an especially aggravated offense, imposed a Range II sentence consisting of a fine of $5,000 and confinement in the Department of Correction for a period of nine (9) years.

The appellant appealed as of right to this Court after the trial judge denied his motion for a new trial. Tenn.R.App.P. 3(b).

## ISSUES PRESENTED FOR REVIEW

The appellant raises seven (7) issues for our review. He contends that the evidence contained in the record is insufficient, as a matter of law, to support his conviction. He further contends that the trial judge committed error of prejudicial dimensions in (a) failing to grant his motions for the entry of a judgment of acquittal at the conclusion of the state's case-in-chief and the close of all the proof, (b) denying his motion to suppress, (c) permitting a police officer to state the street value of cocaine in the community, (d) refusing to allow the use of prior recorded testimony to impeach a witness, (e) permitting the assistant district attorney general to comment on his failure to call a witness during summation, and (f) refusing to sentence him pursuant to the Community Corrections Act of 1985.

## SUFFICIENCY OF THE EVIDENCE

The appellant raises the following issue regarding the sufficiency of the evidence: "[T]he verdict of the jury was contrary to the weight of the evidence, and the evidence preponderates in favor of the evidence of the Defendant, and the evidence was insufficient to sustain the verdict of the jury." As can be seen, the appellant raises the same question three different ways. Unfortunately, the three theories, individually and collectively, fail to state the ultimate question which this Court must resolve, namely, whether the evidence contained in the record is sufficient to support a finding by a rational trier of fact that the appellant is guilty of unlawfully possessing a controlled substance with the intent to sell beyond a reasonable doubt.[1]

The preponderance of the evidence test was replaced by the rational trier of fact test in *Jackson v. Virginia,* supra. Rule 13(e), Tennessee Rules of Appellate Procedure, also embodies the rational trier of fact test.

■ The portion of the issue contending that the "verdict of the jury was contrary to the weight of the evidence" poses an improper question because it requires that this Court "weigh" the evidence.[2] Neither the Court of Appeals nor this Court is empowered to weigh the evidence, when, as here, a jury has returned and the trial judge has approved the challenged verdict.[3]

■ The portion of the issue which contends that "the evidence was insufficient to sustain the verdict of the jury" is so general that it fails to comport with the requirements of Rule 27(a)(4), Tennessee Rules of Appellate Procedure. As a result, this issue has been waived.[4] As Judge Charles

---

1. Tenn.R.App.P. 13(e); *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Tuggle,* 639 S.W.2d 913, 914 (Tenn. 1982). *See,* for example, *State v. Dulsworth,* 781 S.W.2d 277, 282 (Tenn.Crim.App.1989); *State v. Buttrey,* 756 S.W.2d 718, 721 (Tenn.Crim.App. 1988); *State v. Aucoin,* 756 S.W.2d 705 (Tenn. Crim.App.1988), *cert. denied,* 489 U.S. 1084, 109 S.Ct. 1541, 103 L.Ed.2d 845 (1989); *State v. Thomas,* 755 S.W.2d 838, 842 (Tenn.Crim.App. 1988); *State v. Dobbins,* 754 S.W.2d 637, 640

(Tenn.Crim.App.1988); *State v. Smith,* 751 S.W.2d 851, 855 (Tenn.Crim.App.1988).

2. *Given v. Low,* 661 S.W.2d 687, 688 (Tenn.App. 1983).

3. *Given v. Low,* supra.

4. *See Harvey v. State,* 749 S.W.2d 478, 479 (Tenn.Crim.App.1987); *State v. Newsome,* 744 S.W.2d 911, 914 (Tenn.Crim.App.1987); *State v.*

E. Nearn, now retired, said in *Tortorich v. Erickson:* "To answer such a query requires a degree of clairvoyance with which this Court is not possessed." [5]

We opt to consider this issue notwithstanding the fact that it has been waived.

█ While on routine patrol, two police officers noticed four men in a parking lot behind a rooming house. As the police cruiser slowed near the front of the rooming house, one of the men ran behind the house. The officers pulled into the driveway and proceeded to the rear of the house at a rapid rate of speed. When the officers reached the rear of the house, the appellant was kneeling on the ground adjacent to an opening in the foundation of the house. The appellant subsequently stood up, turned around, and walked towards the officers.

An officer found a small package of cocaine lying on the ground equidistant between the side of the house and the opening in the foundation. A large quantity of cocaine was found just inside the opening in the foundation. The total weight of the cocaine was 30.5 grams. $974 was taken from the appellant's person following his arrest.

When an accused challenges the sufficiency of the convicting evidence, this Court must review the record to determine if the evidence adduced at trial is sufficient "to support the findings by the trier of fact of guilt beyond a reasonable doubt." [6]

This rule is applicable to findings of guilt based upon direct evidence, circumstantial evidence, or direct and circumstantial evidence.[7]

█ In determining the sufficiency of the evidence, we do not reweigh or reevaluate the evidence.[8] Nor may we substitute our inferences for those drawn by the trier of fact from circumstantial evidence.[9] To the contrary, we are required to afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence.[10]

█ Questions concerning the credibility of witnesses, the weight and value to be given the evidence as well as all factual issues raised by the evidence are resolved by the trier of fact, not this Court.[11] In *State v. Grace* [12] our Supreme Court said: "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." [13]

█ A criminal offense may be established exclusively by circumstantial evidence.[14] However, before an accused may be convicted of a criminal offense based upon circumstantial evidence alone, the facts and circumstances "must be so strong and cogent as to exclude every other reasonable hypothesis save the guilt of

*Gauldin,* 737 S.W.2d 795, 797–798 (Tenn.Crim. App.1987); *State v. King,* 622 S.W.2d 77, 79 (Tenn.Crim.App.1981); *State v. McKinney,* 603 S.W.2d 755, 759–760 (Tenn.Crim.App.1980); *Leeson v. Chernau,* 734 S.W.2d 634, 637 (Tenn. App.1987); *Tortorich v. Erickson,* 675 S.W.2d 190, 191 (Tenn.App.1984).

5. 675 S.W.2d at 191.

6. Tenn.R.App.P. 13(e).

7. *State v. Brown,* 551 S.W.2d 329, 331 (Tenn. 1977); *Farmer v. State,* 208 Tenn. 75, 79, 343 S.W.2d 895, 897 (1961).

8. *State v. Cabbage,* 571 S.W.2d 832, 835 (Tenn. 1978).

9. *Liakas v. State,* 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956).

10. *State v. Cabbage,* supra, 571 S.W.2d at 835.

11. *State v. Cabbage,* supra, 571 S.W.2d at 835.

12. 493 S.W.2d 474 (Tenn.1973).

13. *State v. Grace,* supra, 493 S.W.2d at 476.

14. *Duchac v. State,* 505 S.W.2d 237, 241 (Tenn. 1973), *cert. denied,* sub nom *Robinson v. Tennessee,* 419 U.S. 877, 95 S.Ct. 141, 42 L.Ed.2d 117 (1974); *Marable v. State,* 203 Tenn. 440, 313 S.W.2d 451 (1958); *State v. Hailey,* 658 S.W.2d 547, 552 (Tenn.Crim.App.1983); *State v. Lequire,* 634 S.W.2d 608, 614 (Tenn.Crim.App. 1981).

the defendant." [15]  In other words "[a] web of guilt must be woven around the defendant from which he cannot escape and from which facts and circumstances the jury could draw no other reasonable inference save the guilt of the defendant beyond a reasonable doubt." [16]

Since a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt,[17] the defendant has the burden in this Court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact.[18] This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt.[19]

There is sufficient evidence contained in the record from which a rational trier of fact could conclude that the appellant was guilty of unlawfully possessing a controlled substance with the intent to sell beyond a reasonable doubt.[20]

This issue is without merit.

## MOTION TO SUPPRESS

The appellant filed a motion to suppress the evidence seized by the police officers. The trial judge preliminarily ruled that the appellant had standing to challenge the search and seizure. At the conclusion of the evidentiary hearing, the trial judge ruled that (a) the appellant did not have an expectation of privacy in the premises that society was willing to recognize and (b) the search and seizure made by the officers was reasonable.

The first question this Court must determine is whether the appellant had a reasonable expectation of privacy in the areas that the police officers traversed. If the appellant did not have a reasonable expectation of privacy, the appellant did not have standing to challenge the actions of the officers; and the question as to whether the search and seizure was reasonable becomes moot.

The evidence adduced at the sentencing hearing revealed that the appellant and Valentina Thaus were co-owners of the property in question. The two story structure located on the premises had been converted into a rooming house. A "Rooms For Rent" sign was permanently attached to the front of the structure. The appellant did not live on the premises; and there is nothing in the record to indicate that the appellant stored any of his possessions on the premises.

There was a parking lot for tenants located behind the structure. Cars were parked in this lot when the event in question occurred. A common driveway, used by the tenants to drive from the street to the parking lot, was located on the north side of the structure.

The structure was situated on a conventional foundation. Along the rear of the structure there was an opening in the foundation, which was used to gain entrance to the area beneath the structure. There was no door or covering over the opening.

The earth beneath the house was extremely damp. One of the officers referred to the surface as containing "sludge", and there was "garbage" there as well. It appears that the sewer line was blocked, and two men were trying to unclog the line when the event in question occurred.

The officers entered the premises through the common driveway. The packet of cocaine was found lying on the ground along the edge of the parking lot. The bulk of the cocaine seized was discov-

15. *State v. Crawford*, 225 Tenn. 478, 482, 470 S.W.2d 610, 612 (1971).

16. *State v. Crawford*, supra, 225 Tenn. at 484, 470 S.W.2d at 613.

17. *State v. Grace*, supra, 493 S.W.2d at 476.

18. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982).

19. *State v. Tuggle*, supra, 639 S.W.2d at 914.

20. Tenn.R.App.P. 13(e); *Jackson v. Virginia*, supra; *State v. Tuggle*, supra, 639 S.W.2d at 914.

ered just inside the opening in the foundation.

We conclude that the appellant did not have standing to challenge the seizure of either the packet of cocaine or the larger quantity of cocaine found inside the opening of the foundation. The fact that the appellant was a co-owner of the property did not, standing along, establish a reasonable expectation of privacy in the premises.[21] Also, society is not willing to accept an expectation of privacy in (a) a parking lot which is provided for the use of tenants and their guests[22] or (b) an area under a rooming house which does not have a door or other means to secure the area and is not being used either by the owner or tenants to store personal property.[23] The tenants, their guests, and strangers had access to the parking lot as well as the area inside the opening contained in the foundation.[24]

This issue is without merit.

## MOTIONS FOR JUDGMENT OF ACQUITTAL

The appellant contends that the trial judge committed prejudicial error in denying his motions for the entry of a judgment of acquittal at the conclusion of the state's case-in-chief and at the close of all the proof. We disagree.

■ First, the portion of the issue which complains of error due to the denial of the motion at the close of the state's case-in-chief was waived when the appellant presented evidence in support of his defense.[25] Second, the trial judge properly denied the motion for judgment of acquittal at the conclusion of all the proof. The summary of the evidence, which is set forth hereinabove, was sufficient to support a finding by a rational trier of fact that the appellant was guilty of unlawfully possessing a controlled substance, namely, cocaine, with the intent to sell. Ultimately, the trier of fact accredited the testimony given by the state's witnesses in finding the appellant guilty.

This issue is without merit.

## EVIDENCE AS TO THE STREET VALUE OF COCAINE

■ The trial judge permitted a police officer to testify over the objection of defense counsel that the street value of a gram of cocaine was $85 to $100. When objecting, defense counsel told the trial judge: "I don't see how its relevant. That's the only objection." In this Court the appellant states in his brief:

Your defendant would assert that its prejudicial impact substantially outweighed its probative value, and this fact did not assist the trier of fact in understanding the evidence or determining a fact in issue. The witness was not qualified as an expert witness nor was a predicate shown to the Court that this witness possessed skills others did not have which would allow him to testify as an expert witness.

This issue has been waived. It has long been established in this jurisdiction that an accused may not litigate an issue on one ground, abandon that ground post-trial, and assert a new basis or ground for his contention in this Court.[26] However, we opt to consider the issue on the merits.

21. *Rawlings v. Kentucky*, 448 U.S. 98, 105, 100 S.Ct. 2556, 2561, 65 L.Ed.2d 633, 642 (1980); *State v. Smith*, 656 S.W.2d 882, 887 (Tenn.Crim. App.1983).

22. *United States v. Penco*, 612 F.2d 19, 24–25 (2nd Cir.1979); *United States v. Cruz Pagan*, 537 F.2d 554, 557–558 (1st Cir.1976). *See State v. Taylor*, 763 S.W.2d 756, 760 (Tenn.Crim.App. 1988) [common hallway shared by the tenants of an apartment building].

23. *See State v. Roberts*, 755 S.W.2d 833, 837 (Tenn.Crim.App.1988) [undercarriage of a motor vehicle].

24. *See State v. Taylor*, supra, 763 S.W.2d at 760.

25. *Mathis v. State*, 590 S.W.2d 449, 453 (Tenn. 1979); *State v. Smith*, 735 S.W.2d 859, 862 (Tenn.Crim.App.1987); *State v. Copeland*, 677 S.W.2d 471, 473–474 (Tenn.Crim.App.1984); *State v. Carter*, 681 S.W.2d 587, 588 (Tenn.Crim. App.1984).

26. *State v. Aucoin*, 756 S.W.2d 705, 715 (Tenn. Crim.App.1988), *cert. denied*, 489 U.S. 1084, 109 S.Ct. 1541, 103 L.Ed.2d 845 (1989); *State v. Brock*, 678 S.W.2d 486, 489–490 (Tenn.Crim. App.1984).

The street value of the cocaine was admissible to establish that the appellant unlawfully possessed the cocaine with the intent to sell.[27] In *United States v. Wilkerson,* supra, the appellant contended that the trial judge committed error of prejudicial dimensions in allowing the government to introduce testimony about the resale value of forty-nine pounds of marijuana. In rejecting this contention, the court said: "This testimony about monetary value, of course, was relevant to the intent of the defendant. From the proof regarding value the jury could infer whether defendant possessed the marijuana with intent to distribute or merely with the intent to use the contraband himself."[28] In *United States v. Blake,* supra, the court, relying upon *Wilkerson,* said:

> It was also proper for the jury to consider the amount and street value of the heroin seized as leading to the conclusion that the defendant intended to distribute the heroin. In two recent cases this court has approved the use of the amount and value of a controlled substance as proper circumstantial evidence to infer an intention to distribute.... [t]he validity of such an inference depends on whether the amount and value of the controlled substance 'will support an inference of intent to distribute as distinguished from mere possession for personal use'.... [I]n this case, Blake possessed the equivalent of 420 'dime bags' of heroin with a 'street' value of $4200. Such an amount and value was sufficient to support an inference by the jury that the defendant possessed the heroin with the intention to distribute it.[29]

In this jurisdiction a jury may infer "from the amount of controlled substances possessed by an offender, along with other relevant facts surrounding the arrest, that the controlled substance or substances were possessed with the purpose of selling or otherwise dispensing".[30] Clearly the weight of the controlled substance was admissible to establish the appellant's intent. We hold that the "street" value of the cocaine was also admissible to establish the intent of the accused. Of course, the introduction of such evidence is subject to the caveat that the witness asked to give such evidence must be qualified to establish the weight or the value of the controlled substance. In this case the officers were qualified to establish these facts.

This issue is without merit.

## SUMMATION

The appellant contends that the trial judge committed error of prejudicial dimensions in permitting the assistant district attorney general to comment on his failure to call a witness. The assistant district attorney general told the jury during his rebuttal argument:

> But, you know, something also that's interesting. What about one officer said Roosevelt Key was standing there talking to the Defendant. Where is Roosevelt Key? Certainly he can say "Well, no, I was standing there talking to him [the appellant]. He didn't go to the hole. I was right there in the back yard with him."
>
> MR. WAGERMAN: Your Honor, I'm going to object.
>
> He's commenting on our failure—
>
> THE COURT: Overruled.
>
> MR. WAGERMAN: To put on witnesses. Thank you.

**27.** *United States v. Blake,* 484 F.2d 50, 57–58 (8th Cir.1973); *United States v. Wilkerson,* 478 F.2d 813, 815 (8th Cir.1973). In *United States v. Green,* 548 F.2d 1261, 1270 (6th Cir.1977), the Sixth Court of Appeals recognized that the "[e]stimated street value of the drug may ... have probative value" when present to "support an inference of possession with [the] intent to sell or, conversely, dispel a defense contention that the drug was maintained for personal use." In *United States v. Marino,* 658 F.2d 1120, 1123 (6th Cir.1981), the Sixth Circuit Court of Appeals considered the street value of cocaine. However, the Court did not address the question of whether evidence of the street value of the cocaine was admissible.

**28.** *United States v. Wilkerson,* supra, 478 F.2d at 815.

**29.** *United States v. Blake,* supra, 484 F.2d at 58.

**30.** Tenn.Code Ann. § 39–6–417(a)(2).

MR. WRIGHT: Where is he?

The record transmitted to this Court does not contain the arguments of counsel. The transcript of the trial proceedings states:

THE COURT: All right, if you're ready, you may begin your arguments.

(Whereupon, closing statements were made by Counsel for the State and by Counsel for the Defendant respectfully).

When counsel for the appellant was preparing the brief to be filed in this Court, he apparently discovered that the transcript of the trial proceedings did not contain the closing arguments. Counsel subsequently had the court reporter transcribe the opening and rebuttal arguments of the assistant district attorney general; and counsel attached the transcript to his brief as "Exhibit A." The certificate of the court reporter attached to the transcript of the trial proceedings is dated October 21, 1989. The certificate of the court reporter attached to the transcript of the closing argument is dated March 19, 1990. The transcript of the suppression hearing, the transcript of the trial proceedings, and the technical record were filed with the Clerk of this Court on January 29, 1990.

On November 2, 1989, counsel for the appellant signed and filed with the clerk of the trial court a document entitled "Appellant's Certification and Filing of Transcript and Notice of Filing to the District Attorney General." The document states in part: "This is to certify that the Transcript of Evidence adduced at the trial of this cause *has been examined by counsel* for the defendant/appellant *and* has been *found to be a true and accurate record of the entire proceedings of this cause* and has been *approved by counsel.*" (emphasis added). Either counsel did not read the transcript of the trial proceedings or he did not examine the issues to be presented for review to ensure that the transcript contained those portions of the proceedings relevant to the issues.

We parenthetically note that counsel was not required to execute a certificate attesting to the accuracy and content of the transcript. Rule 24(b), Tennessee Rules of Appellate Procedure, requires "[t]he transcript, certified by the appellant, his counsel, *or* the reporter as an accurate account of the proceedings, shall be filed with the clerk of the trial court within ninety (90) days after filing the notice of appeal." [emphasis added] Since the transcript already contained the certificate of the court reporter, counsel's certificate was mere surplusage.

When counsel certifies that the transcript contains the "entire proceedings", but the transcript, as here, does not contain an essential portion of the proceedings, an appellate court could construe such a statement as an intent to abridge the record. If the transcript is inaccurate in some respect, the execution of such a document could result in the appellant being bound by the inaccuracy.

The practice of executing and filing such a document is peculiar to Shelby County. Practically every record transmitted to the Clerk of this Court from Shelby County contains an identical document. In most cases counsel has signed the document and filed it in the cause without taking into consideration its necessity or practical affect.

Counsel should refrain from using such a document as the practice is fraught with peril. When the certificate of the court reporter is attached to the transcript, defense counsel should limit his role to giving notice to the district attorney general, or his assistant, that the transcript has been filed with the clerk.[31] That is all that is required of him under the circumstances.

We cannot consider the verbatim transcript attached to the appellant's brief because it was not made a part of the record.[32] Rule 28, Tennessee Rules of Ap-

---

31. *See* J. Jones, *Tennessee Trial Practice Forms,* §§ 28–38 and 28–39 (Harrison Co. 2nd ed. 1988).

32. *State v. Hawk,* 688 S.W.2d 467, 471 (Tenn. Crim.App.1985) [copy of a motion, an order denying a motion, and a transcript which makes no reference to this defendant attached to brief, but not considered by court]; *State v. Wallace,* 664 S.W.2d 301, 302 (Tenn.Crim.App.1983); *State v. Williams,* 638 S.W.2d 417, 421 (Tenn.

pellate Procedure, does not contemplate attaching a transcript of proceedings to a brief when the transcript has not been made a part of the record.

This procedural default could have been avoided if counsel had filed a designation of the portions of the proceedings that the appellant wanted transcribed.[33] As a general rule, court reporters do not transcribe the summation of counsel unless a party specifically requests it. Nevertheless, when counsel discovered the deficiency in the trial transcript, he should have taken steps to supplement the record with the transcription of the closing argument he obtained from the court reporter.[34]

This issue is without merit.

## ADMISSIBILITY OF PRIOR RECORDED TESTIMONY

■ The appellant contends that the trial judge committed error of prejudicial dimensions in ruling that the prior recorded testimony of a prosecution witness could not be used to impeach the witness.

This issue has been waived. The appellant has failed to cite authority in support of his argument.[35]

This issue is without merit.

## COMMUNITY CORRECTIONS SENTENCE

The appellant contends that the trial court abused its discretion in refusing to sentence him pursuant to the Community Corrections Act of 1985.[36] Unfortunately, we cannot consider this issue because the record is incomplete.[37] The record transmitted to this Court does not contain a transcription of the sentencing hearing.

■ When a party seeks appellate review of issues in this Court, he has the responsibility of preparing a record which conveys a fair, accurate and complete account of what transpired with respect to the issues which form the basis of his appeal.[38] When the record is incomplete, this Court is precluded from considering the issues;[39] and we must conclusively presume the judgment of the trial court was correct.[40]

This issue is without merit.

The judgment of the trial court is affirmed.

BIRCH, J., and ALLEN R. CORNELIUS, Jr., Special Judge, concur.

Crim.App.1982) [affidavit which was not considered by court]; *Griffin v. State,* 595 S.W.2d 96, 100–101 (Tenn.Crim.App.1980) [an article from the Journal of Equine Medicine and Surgery which was not considered by the court].

**33.** *See* Tenn.R.App.P. 24(b); *State v. Rhoden,* 739 S.W.2d 6, 14 (Tenn.Crim.App.1987).

**34.** Tenn.R.App.P. 24(e); *State v. Rhoden,* supra, 739 S.W.2d at 15.

**35.** Tenn.R.App.P. 27(a)(7); Tenn.Ct.Crim.App. Rule 10(b); *State v. Killebrew,* 760 S.W.2d 228, 231 (Tenn.Crim.App.1988); *State v. Smith,* 735 S.W.2d 831, 836 (Tenn.Crim.App.1987); *State v. McMiller,* 614 S.W.2d 398, 401 (Tenn.Crim.App. 1981).

**36.** Tenn.Code Ann. § 40–36–101 *et seq.*

**37.** *See State v. Meeks,* 779 S.W.2d 394, 397 (Tenn.Crim.App.1988); *State v. Brown,* 756 S.W.2d 700, 705 (Tenn.Crim.App.1988); *State v. Beech,* 744 S.W.2d 585, 588 (Tenn.Crim.App. 1987).

**38.** Tenn.R.Crim.P. 24(b); *State v. Bunch,* 646 S.W.2d 158, 160 (Tenn.1983); *State v. Roberts,* 755 S.W.2d 833, 836 (Tenn.Crim.App.1988).

**39.** *State v. Groseclose,* 615 S.W.2d 142, 147 (Tenn.1981); *State v. Aucoin,* 756 S.W.2d 705, 716 (Tenn.Crim.App.1988), *cert. denied,* 489 U.S. 1084, 109 S.Ct. 1541, 103 L.Ed.2d 845 (1989); *State v. Jones,* 623 S.W.2d 129, 131 (Tenn.Crim. App.1981).

**40.** *State v. Jones,* supra; *State v. Taylor,* 669 S.W.2d 694, 699 (Tenn.Crim.App.1983); *State v. Baron,* 659 S.W.2d 811, 815 (Tenn.Crim.App. 1983).