# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## STATE OF TENNESSEE v. TIMOTHY CASTERLOW

**Criminal Court for Shelby County**
**No. 98-14186**

---

**No. W2001-03112-CCA-R3-CD  - Filed August 8, 2002**

---

### ORDER

The defendant was convicted by a jury of the offense of rape of a child.  He was sentenced to serve a term of 20 years in the Department of Correction.  In this appeal he challenges the sufficiency of the convicting evidence and he alleges reversible error resulting from a allegation that prospective trial jurors were told that they could donate their compensation for jury service to the Victims of Crime Compensation Fund.  We find the evidence of the defendant's guilt to be more than sufficient to sustain the verdict.  Moreover,  the  defendant  has  failed  to raise  by  proper proceeding the issue of what the jury was told regarding donating its compensation.  We accordingly affirm the judgment of the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.

### Sufficiency

The record in the instant case reveals that the victim, under the age of thirteen years, testified at trial that the defendant penetrated her vaginally on virtually a daily basis from June 1, 1996, until August 26, 1998.  She also told staff at the sexual assault center that the defendant penetrated her anus.  A registered nurse at the Memphis Sexual Assault Resource Center testified that the victim had redness and swelling in the vaginal area as well as anal scarring and dilation.  These injuries are consistent with sexual abuse.

This evidence is more than sufficient to sustain a verdict of guilt of rape of a child and hence the defendant's claim with respect to this issue is meritless.

### Improper Communication to Prospective Jurors

This issue relates to a claim that the jury venire was told that they could donate their compensation for jury service to the victims' compensation fund.  However, we are unable to consider this claim because it is not properly before the Court in this appeal.

First, this issue was not raised in the motion for a new trial and can be considered waived. Tenn. R. App. 3(e). Secondly, the only documentation offered to support this claim is an attachment to the defendant's brief which consists of a portion of a transcript in a wholly separate case indicating the alleged communication to jury panels about donating their compensation is common in Shelby County. There has been no attempt on the part of the defendant to substantiate this claim at a hearing on a motion for new trial nor in a petition for a writ of error *coram nobis*. Tenn. Code Ann. § 40-26-105. The attachment to the defendant's brief in a wholly unrelated proceeding is utterly inadequate for appellate review without it having been made a part of the record on appeal in this case. See, State v. Matthews, 805 S.W.2d 776, 783 (Tenn. Crim. App. 1990).

Accordingly, we affirm the judgment of the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.

_____
JERRY L. SMITH, JUDGE

_____
DAVID G. HAYES, JUDGE

_____
ALAN E. GLENN, JUDGE