IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
June 18, 2002 Session

## STATE OF TENNESSEE v. JOHN W. ARCHEY

**Direct Appeal from the Circuit Court for Franklin County**
**No. 13629     J. Curtis Smith, Judge**

---

### No. M2001-02148-CCA-R3-CD - Filed July 26, 2002

---

A Franklin County jury convicted the Defendant of reckless driving. On appeal, the Defendant challenges the sufficiency of the convicting evidence. The Defendant also claims that the trial court's jury instruction for reckless driving was in error. After a careful review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

David O. McGovern, Assistant Public Defender, Jasper, Tennessee, for the Appellant, John W. Archey.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; James Michael Taylor; District Attorney General; and William Copeland, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### I. BACKGROUND

The Franklin County Grand Jury indicted the Defendant for one count of drag racing and for one count of reckless driving. The indictment alleges that both offenses occurred on September 24, 2000. The Defendant was tried by a jury of his peers for both charges on May 4, 2001. At the conclusion of the trial, the jury found the Defendant not guilty of drag racing, but found him guilty of reckless driving. The trial court imposed a sentence of six months, probated except for forty-eight hours of incarceration, and imposed a $500 fine.

### II. FACTS

At trial, Officer John Stewart, a twelve-year veteran of the Winchester, Tennessee Police Department, testified that on the morning of September 24, 2000, he was off-duty. Officer Stewart stated that he was driving on Highway 41-A in Winchester and pulled up to a red light at "the old Wal-Mart building." Stewart's vehicle was behind a Pontiac Firebird at the red light, when a red Corvette pulled up to the red light next to the Firebird. Stewart testified that he then observed both cars revving their engines and thought, "Well, they're going to get it on, which they did." He then observed both vehicles leave the red light at a high rate of speed with their tires "squawking." Officer Stewart noted the license tag numbers of the two vehicles and learned through dispatch that the Corvette was registered to the Defendant. Stewart observed the two vehicles stop at another red light and again depart in a similar manner. Officer Stewart described the second light as the "high school red light." The two vehicles repeated this process at yet a third light, described by Officer Stewart as the "Action Video red light." Shortly thereafter, the Corvette slowed down and Officer Stewart was able to drive parallel to the car long enough to see the Defendant, who was wearing a blue-jean jacket and a baseball cap. Officer Stewart further testified that cars were coming in other lanes and that people were standing on the left side of the red light at the Wal-Mart. Officer Stewart observed other individuals in the Firebird in addition to the driver. He estimated that the Corvette and Firebird reached speeds as high as eighty miles per hour during the incident.

The next day, Officer Stewart located the Defendant at his home, where he appeared to be wearing the same blue-jean jacket he had worn the previous day. Officer Stewart issued citations to the Defendant for the offenses of drag racing and reckless driving. At trial, the Defendant testified and also called several witnesses in an unsuccessful attempt to convince the jury that he was not the driver observed by Officer Stewart and in an attempt to show that the red Corvette observed by Officer Stewart did not belong to him.

## III. ANALYSIS

### A. Jury Instruction

The Defendant was convicted of reckless driving, which is defined in Tennessee Code Annotated § 55-10-205 as follows:

> **55-10-205**. **Reckless driving. -** (a) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving.
> (b) A violation of this section is a Class B misdemeanor.

The Defendant first argues that the trial court improperly instructed the jury on the offense of reckless driving. Specifically, the Defendant argues that the trial court failed to instruct the jury as provided in Tennessee Pattern Jury Instruction 38.12, that

> to constitute willful disregard for the safety of persons or property there must be a designed purpose, an intent to do the wrong, while to constitute wanton disregard the party doing the act or failure to act must be conscious of his conduct and though having no intent to injure must be conscious from his knowledge of surrounding circumstances and existing conduct that his conduct may naturally or probably result

-2-

in injury.

Although the Defendant did not request the instruction at trial, he argues that the omission of this language by the trial court was reversible error. The State contends that the trial court, while not instructing the jury verbatim from Tennessee Pattern Jury Instruction 38.12, nonetheless properly instructed the jury as to the elements of the offense of reckless driving and gave the jury appropriate definitions of "willful" and "wanton." We agree with the State.

The trial court's instruction to the jury on reckless driving was as follows:
For you to find the Defendant guilty of this offense, the State must have proven beyond a reasonable doubt the existence of the following essential elements.
> (1) the Defendant drove a vehicle; and
> (2) that driving was in willful or wanton disregard for the safety of persons or property.
Now, for definitions.
> A willful act is one done intentionally and knowingly.
> The definition of intentionally means doing an act by design or purpose, a determination to act in a certain way or do a certain thing. A person acts intentionally when that person acts with a conscious objective either to cause a particular result or to engage in a particular conduct.
> Knowingly means with knowledge, and in a criminal proceeding means that the defendant knew what he was about to do and with such knowledge proceeded to do the act charged. A person acts knowingly if that person acts with an awareness either that his conduct is of a particular nature or that a particular circumstance exists.
> A wanton act is one done with reckless disregard of the consequences or rights or safety of others.

The trial court set forth the elements of the offense and provided the jury definitions of "a willful act" and "a wanton act." We agree with the State that the definitions utilized by the trial court were not substantially different from those included in the pattern instructions. This Court must review the entire jury charge; we can find error only if, when read as a whole, the charge fails to fairly submit the legal issues or misleads the jury as to the applicable law. State v. Phipps, 883 S.W.2d 138, 142 (Tenn. Crim. App. 1994). This issue is without merit.

## B. Sufficiency of the Evidence

The Defendant next argues that insufficient evidence was presented at trial to convict him of reckless driving. Again, we must respectfully disagree. When an accused challenges the sufficiency of the evidence, an appellate court's standard of review is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 324 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985). This rule

applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. State v. Pendergrass, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999).

In determining the sufficiency of the evidence, this Court should not re-weigh or re-evaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Nor may this Court substitute its inferences for those drawn by the trier of fact from the evidence. State v. Buggs, 995 S.W.2d 102, 105 (Tenn. 1999); Liakas v. State, 286 S.W.2d 856, 859 (Tenn. 1956). Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. Liakas, 286 S.W.2d at 859. This Court must afford the State of Tennessee the strongest legitimate view of the evidence contained in the record, as well as all reasonable inferences which may be drawn from the evidence. State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992). Because a verdict of guilt against a defendant removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the evidence was legally insufficient to sustain a guilty verdict. Id.

The evidence in this case reveals that Officer Stewart witnessed the Defendant driving his vehicle at excessive speeds on Highway 41-A in Winchester, Tennessee, racing from stop light to stop light with another vehicle occupied by a driver and passengers. The Defendant's Corvette was apparently within a few feet of the Firebird with which he was racing, and both vehicles accelerated from zero to up to eighty miles per hour as they traveled past shopping areas and a local high school. Each acceleration resulted in "squawking tires." Officer Stewart also testified that cars were coming in other lanes and that people were standing on the left side of the red light at the Wal-Mart. Even if the evidence had shown that the city of Winchester was totally deserted, the Defendant was clearly driving in willful or wanton disregard for the safety of the driver of the Firebird and for the safety of his passengers. The evidence is more than sufficient in this case to prove that the Defendant was driving a vehicle in willful or wanton disregard for the safety of persons or property. This issue is without merit.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
ROBERT W. WEDEMEYER, JUDGE