IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 30, 2003

## STATE OF TENNESSEE v. CASEY C. BOYLAN

**Direct Appeal from the Criminal Court for Cumberland County**
**No. 6356      Lillie Ann Sells, Judge**

_____

**No. E2002-01848-CCA-R3-CD**
**May 19, 2003**
_____

A Cumberland County jury convicted the Defendant for possession of a handgun while under the influence, a Class A misdemeanor. On appeal, the Defendant challenges the sufficiency of the convicting evidence. Because we conclude that the evidence is sufficient, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Gregory D. Smith, Clarksville, Tennessee (on appeal); and Joe L. Finley, Jr., Cookeville, Tennessee for the appellant, Casey C. Boylan.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; William E. Gibson, District Attorney General; and Gary S. McKenzie, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

I. Facts

Tom Burdett testified that on April 22, 2001, he was employed as a deputy with the Cumberland County Sheriff's Department and was providing security at the Cumberland County Hospital. Deputy Burdett encountered the Defendant when a member of the nursing staff "hollered for [him] to come to the room in which [the Defendant] was present due to his behavior to try to calm him down." Burdett reported that the Defendant was sitting on a stretcher, and several members of the nursing staff were attempting to remove the Defendant's pants in order to treat a laceration on the Defendant's lower leg. Burdett observed a laceration with some "visible bone" on the Defendant's lower leg. Burdett testified that the Defendant's demeanor was very violent, combative, loud, and obnoxious. Burdett stated that the smell of alcohol filled the room, the

Defendant's speech was slurred, and the Defendant's eyes were bloodshot. Burdett noted that he had training in recognizing persons that are under the influence of alcohol, and he opined that the Defendant was extremely intoxicated.

Deputy Burdett testified that he observed in the Defendant's right pocket a wooden handle which appeared to be the handgrip of a handgun. Burdett reported that he told a nurse to grab the handgun, and the nurse proceeded to take the gun from the Defendant. The nurse then gave the handgun to Burdett, and he secured it. Burdett identified the weapon as a .22 caliber handgun which contained three live rounds and two discharged rounds.

According to Burdett, the Defendant explained that his leg was cut when his riding lawn mower flipped over on a steep hill, and his leg went under the mowing deck. Burdett testified that the Defendant said he crawled approximately 200 yards to a neighbor's house after the mowing accident, and the neighbor then brought him to the hospital in Crossville. The Defendant explained that the handgun was in his pocket for use against snakes, and that he had no intention to break the law. The Defendant reported that he was unsure as to whether he even knew he had the gun in his pocket prior to the lawn mower accident.

## II. Analysis

The Defendant argues that the evidence was insufficient to support his conviction. When an accused challenges the sufficiency of the evidence, an appellate court's standard of review is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 324 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985). This rule applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. State v. Pendergrass, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999).

In determining the sufficiency of the evidence, this Court should not re-weigh or re-evaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Nor may this Court substitute its inferences for those drawn by the trier of fact from the evidence. State v. Buggs, 995 S.W.2d 102, 105 (Tenn. 1999); Liakas v. State, 286 S.W.2d 856, 859 (Tenn. 1956). Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. Liakas, 286 S.W.2d at 859. This Court must afford the State of Tennessee the strongest legitimate view of the evidence contained in the record, as well as all reasonable inferences which may be drawn from the evidence. State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992). Because a verdict of guilt against a defendant removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the evidence was legally insufficient to sustain a guilty verdict. Id.

The Defendant was convicted of possession of a handgun while under the influence, a Class A misdemeanor. Tenn. Code Ann. § 39-17-1321. Possession of a handgun while under the influence occurs when a person possesses a handgun while under the influence of alcohol or any controlled substance. Tenn. Code Ann. § 39-17-1321. The trial court correctly instructed the jury that the offense could be committed if the Defendant acted either intentionally, knowingly, or recklessly. The trial court also correctly instructed the jury as to the meaning of actual possession and constructive possession.

We conclude that sufficient evidence was presented for a rational jury to find the Defendant guilty of possession of a handgun while under the influence. Deputy Burdett testified that he was trained in recognizing persons who are under the influence of alcohol. Burdett testified that the Defendant was violent, combative, loud, and obnoxious. He further testified that the smell of alcohol filled the room in which he encountered the Defendant. Burdett noted that the Defendant's speech was slurred, that his eyes were bloodshot, and that he was screaming and hollering. Concerning the Defendant's speech, Burdett stated that "it was mumbled, running together, he was just hollering nonstop somewhat." Burdett testified that in his opinion, the Defendant was extremely intoxicated. Burdett observed a handgun in the Defendant's pocket during the Defendant's apparent state of intoxication. The handgun was admitted into evidence at trial, as was the ammunition with which the handgun was loaded. The evidence was clearly sufficient to support the verdict of the jury.

Accordingly, we AFFIRM the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE