# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 3, 2003

## STATE OF TENNESSEE v. FELIX BARTOLO JOSE

**Appeal from the Circuit Court for Henry County**
**No. 13306    Julian P. Guinn, Judge**

---

### No. W2002-02532-CCA-R3-CD  - Filed July 9, 2003

---

The Appellant, Felix Bartolo Jose, was convicted of one count of aggravated sexual battery, a class B felony, following a jury trial.  The trial court sentenced Jose to an eight-year sentence in the Department of Correction.  On appeal, Jose raises the single issue of whether the evidence was sufficient to support the verdict.  After review of the record, we affirm the conviction.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Guy T. Wilkinson, District Public Defender; W. Jeffery Fagan, Assistant District Public Defender, Camden, Tennessee, for the Appellant, Felix Bartolo Jose.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Kathy D. Aslinger, Assistant Attorney General; G. Robert Radford, District Attorney General; and Steven L. Garrett, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On August 10, 2001, S.H.,[1] then seven years old, rode the bus to the Appellant's home after school.  The Appellant's wife had agreed to babysit the victim until she was picked up by her mother.  On the third day of this arrangement, the victim was left alone with the Appellant and two other small children, while the Appellant's wife went to the bank.  The victim testified that she had been watching television and asked the Appellant if she could play a Nintendo game.  According to

---

[1] In order to protect the identity of minor victims of sexual abuse, it is the policy of this court to refer to the victims by their initials.  *State v. Schimpf*, 782 S.W.2d 186, 188 n.1 (Tenn. Crim. App. 1989).

the victim, the Appellant then asked her if she could keep a secret. Upon an affirmative response from the victim, the Appellant had her lean against the couch, pulled down her clothing, and began "rubbing his privates against" her "bottom." The victim stated that the Appellant again made her promise to keep the secret. When the Appellant's wife returned home, the victim did not inform her of the sexual assault. During the drive home with her mother, the child related the events; however, at trial, the victim did not recall exactly what she had told her mother. Based upon the victim's allegations, her mother informed the police, and an investigation was begun.

Deputy Vandiver of the Henry County Sheriff's Department, along with two other officers, went to the Appellant's home and requested that he accompany them to the police department for questioning. The Appellant willingly agreed. Upon arrival, Vandiver asked the Appellant a series of questions designed to determine if the Appellant, a Hispanic, was able to understand and speak English. From the responses given by the Appellant, the officers determined that the Appellant was capable of communicating in English. The Appellant was advised of his rights, and Vandiver had the Appellant read the rights back to him to ensure that he understood them. At this point, the Appellant provided the officers with a statement, which contained numerous admissions. The oral statement was reduced to writing by Deputy Vandiver; however, the Appellant did not sign the statement, claiming he could not read Vandiver's handwriting. Nonetheless, the Appellant did verbally agree that the facts contained in the statement were correct.

The Appellant was subsequently indicted on March 4, 2002, for one count of aggravated sexual battery. On July 24, 2002, he was convicted after a trial by jury. The trial court later sentenced the Appellant to an eight-year sentence in the Department of Correction.[2] The Appellant filed a motion for new trial, which was denied, and this timely appeal followed.

## Analysis

The Appellant contends that the evidence presented was insufficient to convict him of aggravated sexual battery. When evidentiary sufficiency is challenged, our standard of review is, after considering all the evidence in the light most favorable to the state, whether any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *State v. Hall*, 8 S.W.3d 593, 599 (Tenn. 1999). This rule applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of both. *State v. Lewis*, 36 S.W.3d 88, 93 (Tenn. Crim. App. 2000) (citations omitted).

In determining the sufficiency of the evidence, this court shall neither reweigh or reevaluate the evidence, *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990), nor shall this court substitute its inferences for those drawn by the trier of fact. *State v. Buggs*, 995 S.W.2d 102, 105 (Tenn. 1999). Questions concerning the credibility of the witnesses, the weight and value of the

---

[2]Due to the Appellant's illegal immigration status, an order was also entered for his transfer to INS custody after service of this sentence.

evidence, and all factual issues raised by the evidence are resolved by the trier of fact. *Id.* This court must afford the State the strongest legitimate view of the evidence and all reasonable inferences drawn from it. *State v. Evans*, 838 S.W.2d 185, 191 (Tenn. 1992). The defendant, once convicted, is presumed guilty and bears the burden of proving that the evidence was insufficient. *Id.*

As charged in the instant indictment, aggravated sexual battery is defined as "unlawful sexual contact" between a defendant and a victim, who is less than thirteen years of age. Tenn. Code Ann. § 39-13-504(a)(4). "Sexual contact" is defined as:

> [T]he intentional touching of the victim's, the defendant's, or any other person's intimate parts, or the intentional touching of the clothing covering the immediate area of the victim's, the defendant's, or any other person's intimate parts, if that intentional touching can be reasonably construed as being for the purpose of sexual arousal or gratification.

Tenn. Code Ann. § 39-13-501(6). The "intimate parts" include "the primary genital area, groin, inner thigh, buttock or breast of a human being." Tenn. Code Ann. § 39-13-501(2).

The Appellant argues that the evidence is insufficient due to various inconsistencies in the victim's testimony at trial and that the victim was "mistaken about what happened." Specifically, he contends that the evidence is insufficient because: (1) the victim testified that these events happened in October as opposed to the actual date in August; (2) the victim testified she did not see the Appellant pull his pants down or back up; (3) the victim was unsure what the Appellant touched her with; (4) the victim failed to tell the Appellant's wife of the events and was unable to recall exactly what she had told her mother; and (5) the statement was not written or signed by the Appellant.

This argument is clearly misplaced. At trial, the victim testified that, after the Appellant instructed her to lean against the couch, "he pulled my shorts or pants down, and then pulled my panties down and started rubbing his private against mine." The victim then testified that she felt something touching her "bottom." The Appellant, in his statement to the police, admitted that "[w]hile looking at her, I got a hard-on. I pulled my shorts down. I then started rubbing my penis on her butt. I did this until I come. I come on my hand." The jury obviously accredited the testimony of the victim that the Appellant had sexual contact with her intimate parts and the testimony of Deputy Vandiver that the Appellant understood his rights and his statement was freely and knowingly provided. We will not revisit questions of witness credibility or reweigh the evidence produced at trial. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). The proof presented at trial was more than sufficient for a reasonable jury to have found the essential elements for the offense of aggravated sexual battery beyond a reasonable doubt. Tenn. R. App. P. 13(e). This issue is without merit.

**CONCLUSION**

Based upon the foregoing, we conclude that the evidence is legally sufficient to support the Appellant's conviction for aggravated sexual battery. Accordingly, the judgment of the Henry County Circuit Court is affirmed.

_____
DAVID G. HAYES, JUDGE