IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
February 10, 2004 Session
Heard at University of Tennessee at Martin

## TIMOTHY JOHNS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-23804     W. Fred Axley, Judge**

**No. W2003-00677-CCA-R3-PC  - Filed April 12, 2004**

JOE G. RILEY, J., concurring.

I agree this case must be remanded to address both deficiency and prejudice relating to ineffective assistance of counsel. I write separately to elaborate on my concerns, especially relating to deficiency.

This offense was allegedly committed at the end of January 1999. The victim was examined February 1, 1999. The petitioner was arrested in May 1999, and did not make bond.

The petitioner met with counsel on June 28, 1999. The record does not reveal that the petitioner told his counsel he wished to plead guilty. Instead, counsel's notes from that meeting reflect the petitioner gave him a list of several named persons along with contact information. The notes reflect that one of these persons should be contacted "after 1 p.m." The notes also reflect factual information as to where the victim had been staying. The record reveals that no contact was attempted or made with any of these persons. Counsel's file further reflects the petitioner was diagnosed with gonorrhea, but the record does not establish that counsel sought to determine whether this disease was transmitted to the victim.

The medical records attempted to be introduced at the post-conviction hearing would allegedly show that on June 18, ten days prior to the petitioner's first meeting with counsel, the victim was examined for alleged sexual abuse. The victim allegedly named her attacker as a certain person who was in one of the households listed in counsel's notes. The petitioner had been in jail at the time of this alleged sexual abuse. Because the records were disallowed into evidence, we may not take notice of them.[1] Also unanswered is whether the state was aware of these records, if indeed

---

[1] The petitioner's counsel attached an alleged copy of the records to her brief. Although the attached records accurately reflect the petitioner's allegations as to their content, we may not consider an attachment to a brief as part of the record. *See* State v. Matthews, 805 S.W.2d 776, 783-84 (Tenn. Crim. App. 1990).

they reflect what the petitioner contends, at any time from June 18 until the guilty plea on August 12.

It is undisputed that no investigation was done from June 28 until August 12, the date the petitioner pled guilty. The only activity by counsel during this time was requesting discovery. Counsel's file indicates the following items were received in response to the discovery request: (1) arrest report; (2) TBI laboratory report reflecting the absence of spermatozoa and semen on anal swabs taken from the victim; (3) the petitioner's statement in which he denied any sexual abuse; and (4) forensic examination results reflecting vaginal and rectal irregularities and the refusal of the victim to talk about it.

Counsel's time records indicate one-half hour interviewing the petitioner on June 28; one-half hour filing the discovery request; one-half hour following up on discovery; and one hour on the day of the entry of the plea. Thus, although August 12 was the appearance date, no investigation had been done. On that date, the petitioner, a manic depressive, entered a guilty plea to Class A felony rape of a child for a fifteen-year sentence at 100% to "get it over with."

The state's brief alleges that counsel testified the petitioner told counsel on June 18, their first meeting, that the petitioner "wanted to enter a plea and get it over with." In such a situation, it would be difficult to find deficiency by counsel in failing to undertake an independent investigation in the face of an adamant insistence upon pleading guilty. However, the record does not support the state's factual assertion. Counsel testified that the petitioner made this statement on the day of the plea, August 12. Thus, the failure to investigate must be viewed in a different light.

In my view, the post-conviction court upon remand should specifically address all of these facts in determining whether deficiency has been established. The post-conviction court will then be in a better position to determine the issue of prejudice; namely, whether the petitioner would have pled guilty regardless of any deficiencies. *See* Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985).

_____
JOE G. RILEY, JUDGE

-2-