# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs December 13, 2005

## STATE OF TENNESSEE v. JOE MAC PEARSON

### Appeal from the Circuit Court for Marshall County
### Nos. 15897, 15898    Lee Russell, Judge

---

### No. M2005-00673-CCA-R3-CO - Filed April 25, 2006

---

The Appellant, Joe Mac Pearson, was convicted by a Marshall County jury of the sale and delivery of a Schedule II controlled substance and the sale and delivery of a Schedule III controlled substance. As a result of these convictions, Pearson received an effective sentence of twenty-five years in the Department of Correction. On appeal, Pearson argues that the evidence is insufficient to support his convictions. After review of the record, we conclude that the evidence is sufficient. We remand, however, for merger of offenses and for entry of corrected judgments of conviction.

**Tenn. R. App. P. 3; Judgments of the Circuit Court Affirmed; The Case is Remanded for Merger of Offenses and Entry of Corrected Judgments of Conviction.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Andrew Jackson Dearing, III, Assistant Public Defender, Shelbyville, Tennessee, for the Appellant Joe Mac Pearson.

Paul G. Summers, Attorney General and Reporter; David E. Coenen, Assistant Attorney General; W. Michael McCown, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On December 10, 2003, a Marshall County grand jury returned two separate indictments against the Appellant charging him with violations of the Drug Control Act. In indictment number 15897, the Appellant was charged with one count of sale of a Schedule II controlled substance,

oxycodone, and one count of delivery of oxycodone, occurring on November 15, 2002. Indictment number 15898 charged the Appellant with one count of sale of a Schedule III controlled substance, dihydrocodeinone, and one count of delivery of dihydrocodeinone, occurring on November 22, 2002. The indictments were consolidated for trial, and, on January 7, 2005, a jury convicted the Appellant of all four offenses as charged. Following a sentencing hearing, the Appellant was sentenced as a Range III, persistent offender to thirteen years for the sale and delivery of a Schedule II controlled substance and to twelve years for the sale and delivery of a Schedule III controlled substance. The two sentences were ordered to be served consecutively for an effective sentence of twenty-five years.

At trial, the proof established that the drug transactions in this case resulted from an ongoing undercover drug operation by the 17th Judicial District Drug Task Force in Marshall County. Officer Shane George, a five-year veteran of the Shelbyville Police Department, was the undercover operative who participated in the offenses on November 15 and November 22, 2002. Officer George testified that on the evening of November 15, 2002, he accompanied confidential informant Tim Little in Little's vehicle to the Appellant's residence located at 803 Marshall Street in Lewisburg. Drug Task Force Agents Tim Miller and Billy Ostermann were conducting surveillance, but their recording equipment was not working, and, as a result, they were unable to actively monitor the transaction. Officer George instructed the informant to stay inside the vehicle, and, upon George's approach of the residence, he saw the Appellant sitting in his living room. Officer George knocked on the door, and the Appellant motioned for him to enter. Once inside, the officer discussed with the Appellant the purchase of four Oxycontin tablets. The Appellant reached inside a pill bottle and handed four tablets to the officer. Following delivery of the four tablets, the Appellant was paid $60.00.

On November 22, Officer George made another drug purchase from the Appellant, and, on this occasion the surveillance equipment was functioning. Both Officer George and Tim Little exited the vehicle and went into the detached garage located adjacent to the Appellant's residence where they found the Appellant as well as a number of other individuals. The informant discussed the purchase of Oxycontin with the Appellant. The Appellant replied that he did not have Oxycontin; however, he stated that he did have hydrocodone in his house and quoted a price of seven dollars a tablet. Officer George went inside the house with the Appellant and left the informant, equipped with the surveillance transmitter, in the garage. Once inside, Officer George purchased four tablets from the Appellant for $28.00 and exited the residence through the front door.

Following completion of the undercover drug operation, the Appellant was arrested by Drug Task Force Agents Miller and Ostermann at the Appellant's place of business. Upon his arrest, the Appellant admitted that he had drugs in his truck. Following a consent to search, Agent Miller found two bottles of Oxycontin inside the truck. On October 3, Miller received a phone call from the Appellant's wife, who told him that her husband wanted to speak with him. Miller and Ostermann went to the Marshall County Jail and read the Appellant his rights, which the Appellant waived before making a statement. The Appellant stated that he had suffered a back injury and was prescribed Oxycontin to relieve the pain. He admitted that he started selling prescription pills in

January of 2002 and that he had made between $40,000 and $50,000 in profits.  Additionally, he provided a list of individuals to whom he supplied drugs.

At trial, Officer George identified the Appellant as the person who sold him the controlled substances on both occasions.  A forensic chemist in the drug identification unit of the Tennessee Bureau of Investigation testified that the substances were oxycodone, a Schedule II controlled substance, and hydrocodone, a Schedule III controlled substance.  Additionally, Agent Tim Miller testified to the discovery of oxycodone in the Appellant's truck at the time of his arrest and to the Appellant's admissions that he had been selling illicit drugs to a number of named individuals.  The proof further established that the Appellant was receiving TennCare benefits and that the prescription drugs he was illegally selling had been prescribed by "9 [to] 11 different doctors."  Based upon this proof, the Appellant was convicted of all four counts as indicted.

Prior to sentencing, the trial court, in recognition of double jeopardy concerns, ordered merger of the Appellant's conviction for the sale of Schedule II, oxycodone (indictment number 15897; count one), with his conviction for delivery of oxycodone (count two), resulting in "one offense of sale and delivery of a Schedule II controlled substance."  In similar fashion, the Appellant's conviction for sale of a Schedule III substance, dihydrocodeinone (indictment number 15898; count one), was merged with his conviction for delivery of dihydrocodeinone, resulting in "one offense of sale and delivery of a Schedule III controlled substance."  Under our Drug Control Act, the sale and the delivery of a controlled substance constitute separate crimes and are, thus, incapable of being combined into "one offense."  *See* T.C.A. § 39-17-417(a)(2),(3) (2003).  Accordingly, the Appellant's single conviction for sale and delivery of a Schedule II substance and his single conviction for the sale and delivery of a Schedule III substance require remand for proper merger into a single conviction for either sale or delivery under each of the two indictments.  Moreover, the record contains four judgment of conviction forms corresponding to each of the Appellant's four jury convictions, which incorrectly indicate that the Appellant is serving four separate sentences for Department of Correction purposes.  Accordingly, upon remand, corrected judgments of conviction are to be entered to accurately reflect two conviction offenses and resulting sentences to be served in the Department of Correction.

## Analysis

The Appellant argues that the evidence in this case is legally insufficient to support his drug convictions.  Specifically, he contends that the circumstantial evidence which convicted him fails to support his guilt, that the evidence is insufficient to establish the requisite mental state, and that there is insufficient proof to establish his identity as the perpetrator of the crimes.

In considering this issue, we apply the rule that where the sufficiency of the evidence is challenged, the relevant question for the reviewing court is "whether, after reviewing the evidence in the light most favorable to the [State], *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *see also* Tenn. R. App. P. 13(e).  Moreover, the State is entitled to the

strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). These rules are applicable to findings of guilty predicated upon direct evidence, circumstantial evidence, or a combination of both. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). As in the case of direct evidence, the weight to be given circumstantial evidence and "[t]he inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence, are questions primarily for the jury." *Marable v. State*, 313 S.W.2d 451, 457 (Tenn.1958) (citations omitted).

The Appellant was convicted of selling and delivering oxycodone, a Schedule II controlled substance, a Class C felony, and the sale and delivery of dihydrocodeinone, a Schedule III controlled substance, a Class D felony. T.C.A. § 39-17-417(a)(4), (c)(2)(A), (d)(1). Under our criminal code, "[i]t is an offense for a defendant to knowingly . . . [d]eliver a controlled substance" or to knowingly "[s]ell a controlled substance." T.C.A. § 39-17-417(a)(2), (3). Thus, the State was required to prove a knowing mental state.

> "Knowing" refers to a person who acts knowingly with respect to the conduct or to circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances exist. A person acts knowingly with respect to a result of the person's conduct when the person is aware that the conduct is reasonably certain to cause the result.

T.C.A. § 39-11-302(b) (2003). The trial court defined "knowing" for the jury. Whether the Appellant's mental state was "knowing" is a question of fact for the jury. From the officers' testimony that the Appellant sold and delivered controlled substances on two separate occasions and from the Appellant's statements that he regularly sold prescription drugs for a profit, we conclude that the proof was more than sufficient to support the jury's conclusion that the Appellant was aware of the nature of his conduct and that his conduct was reasonably certain to cause the result.

With regard to the State's failure to prove identity, the Appellant argues only that he "denied selling the alleged drugs and denied making any statements to members of the 17th Judicial District Task Force." The Appellant's argument of lack of identity is clearly misplaced, as is his argument of circumstantial evidence. At trial, Officer George positively identified the Appellant as the person from whom he purchased controlled substances on the dates of November 15 and November 22, 2002, at the Appellant's residence at 803 Marshall Street in Lewisburg. The officer's testimony of the Appellant's involvement in both drug transactions was based upon the officer's personal knowledge and observation. As such, the officer presented direct evidence of the facts, as opposed to circumstantial evidence, as argued by the Appellant. Accordingly, we conclude that the proof presented at trial established beyond a reasonable doubt the Appellant's identity and that the Appellant was guilty of the sale and the delivery of a Schedule II controlled substance and the sale and the delivery of a Schedule III controlled substance.

## CONCLUSION

Based on the foregoing, the Appellant's judgments of conviction are affirmed. The case is remanded for merger of offenses in each of the indictments, consistent with this opinion, and for entry of corrected judgments of conviction.

_____
DAVID G. HAYES, JUDGE