IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

**GIOVANNY MORPEAU v. STATE OF TENNESSEE**

**Criminal Court for Wilson County**
**No. 01-1854**

---

**No. M2002-00060-CCA-R3-CO - Filed August 12, 2002**

---

**ORDER**

The Appellant, Giovanny Morpeau, appeals from the denial of his petition for writ of habeas corpus by the Wilson County Criminal Court. On November 2, 2001, the Appellant was arrested and charged with aggravated robbery. At the Appellant's initial appearance in the general sessions court on November 6, 2001, he was found indigent, bail was set at $50,000, and a preliminary hearing was scheduled for December 19, 2001. On November 29, 2001, the Appellant filed a petition for writ of habeas corpus seeking release from confinement upon grounds that his continued confinement beyond ten days, without being afforded a preliminary hearing, violated Rule 5(d) of the Tennessee Rules of Criminal Procedure.[1] On November 30, 2001, the Appellant's habeas corpus petition was denied. On December 10, 2001, the Appellant filed notice of appeal. On December 19, 2001, the Appellant's preliminary hearing was conducted in the general sessions court at which time he was bound over to the next term of the grand jury. During the January 2002 session of the Wilson County Criminal Court, the Appellant was indicted by the grand jury on one count of aggravated robbery.

Notwithstanding appellate counsel's zealous efforts to protect his client's procedural rights, his claims on appeal fail for the following reasons. First, when a party seeks appellate review of issues in this court, he or she has the responsibility of preparing a record which conveys a fair, accurate, and complete account of what transpired with respect to the issues that form the basis of his appeal. When the record is incomplete, this court is precluded from considering the issues, and we must conclusively presume the judgment of the trial court was correct. *State v. Matthews*, 805 S.W.2d 776, 783 (Tenn. Crim. App. 1990); *see also* Tenn. R. App. P. 24. Of particular relevance to the issue before us are the proceedings of the Wilson County General Sessions Court. In the absence of a transcript or statement of the evidence, we are without a complete account of what transpired at these proceedings, *e.g.,* whether the Appellant waived his right to the "10 day" rule, whether he requested additional time to retain counsel, or whether he agreed to the scheduled date of December 19th. Indeed, the arrest warrant document contains the following handwritten notations,

---

[1] Rule 5(d) provides in pertinent part, "If the defendant does not waive preliminary examination, the magistrate shall set a preliminary examination within ten days if the defendant remains in custody and within thirty days if released under applicable law."

"11-7-01 to see Judge Tatum if does not make bond." Moreover, neither the transcript nor a statement of the evidence of the Appellant's habeas corpus hearing were included in the record. Because the record of these proceedings, the focal point of this appeal, have been omitted, we are unable to address the issues upon their merits. Accordingly, the issue is waived.

Second, the Appellant's claim of continued custody without a preliminary hearing is now moot as the preliminary hearing has now been afforded. Cases must be justiciable not only when they are first filed but must also remain justiciable throughout the entire course of the litigation, including the appeal. *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994) (citing *Lewis v. Continental Bank Corp.*, 494 U. S. 472, 477, 110 S. Ct. 1249, 1253 (1990); *Kremens v. Bartley*, 431 U. S. 119, 128-29, 97 S. Ct. 1709, 1715 (1977); 13A Charles A. Wright et al., *Federal Practice and Procedure* §§ 3533, 3533.10 (2d ed. 1984) ("Federal Practice and Procedure"). A moot case is one that has lost its character as a present, live controversy; thus, a suit brought to enjoin a particular act becomes moot once the act sought to be enjoined takes place. *Id.*

Finally, we agree with the State that the writ of habeas corpus was not the proper vehicle to contest the Appellant's pre-trial detention. Habeas corpus relief is available when any person is illegally imprisoned or restrained of liberty. Tenn. Code Ann. § 29-21-103-104. In this case, the Appellant's pre-trial detention was based upon his unchallenged arrest pursuant to a warrant and his inability to make bail. Within the context of a criminal proceeding, "the grounds upon which habeas corpus relief will be granted are narrow." *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000). Habeas corpus relief is available in Tennessee only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a defendant or that a defendant's sentence or other restraint has expired. *Archer v. State* 851 S.W.2d 157, 164 (Tenn. 1993). None of these circumstances are present in this case.

Moreover, this court in *State v. Brooks*, 880 S.W.2d 390, 394 (Tenn. Crim. App. 1993), held that a defendant's remedy for the denial of a timely preliminary hearing,

> is simply to request such a hearing and to move the court within thirty days of the arrest to dismiss any indictment returned while the hearing is pending. . . . [T]he remedy only ensures that the state may not avoid the preliminary hearing by delaying in order to obtain an indictment in the interim. This remedy does not include dismissal of the original warrant upon which the defendant was arrested.

*Brooks*, 880 S.W.2d at 394. In this regard, we would add that the remedy does not include release of the defendant from custody *via* writ of habeas corpus.

For the above reasons, we affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. It appearing that the Appellant is indigent, costs of this appeal will be paid by the State of Tennessee.

_____

DAVID G. HAYES, JUDGE


_____

ALAN E. GLENN, JUDGE


_____

ROBERT W. WEDEMEYER, JUDGE