IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 14, 2003

## RICKY FLAMINGO BROWN, SR. v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 84-F-1484      Cheryl Blackburn, Judge**

**No. M2002-02427-CCA-R3-PC - Filed June 13, 2003**

The petitioner, Ricky Flamingo Brown, Sr., was convicted in 1987 of the aggravated rape of his daughter. He later sought direct and delayed appeals, both of which were denied by this court and the Tennessee Supreme Court. Subsequently, he filed a petition pursuant to Tennessee Code Annotated section 40-30-403, which allows a defendant to petition the court for DNA analysis of evidence in possession of the State. The State responded to the petition by stating that evidence suitable for DNA testing was never collected and did not exist. The post-conviction court dismissed the petition and, following our review, we affirm that dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID H. WELLES, J., joined. JOSEPH M. TIPTON, J., filed a concurring opinion.

Ricky Flamingo Brown, Sr., Riverbend Maximum Security Institution, Pro Se.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Roger D. Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In August 1987, the petitioner was convicted of raping his twelve-year-old daughter and sentenced to life imprisonment. Attempting to exonerate himself, he filed a *pro se* motion in the Davidson County Criminal Court in June 2002 requesting forensic DNA analysis of certain evidence, or, if the evidence was destroyed, proof of its destruction. By written order, the post-conviction court directed the State to provide the following information: whether the evidence still existed and was amenable to DNA analysis, whether it had ever been subjected to DNA analysis, and whether a reasonable opportunity existed that the petitioner would not have been convicted if exculpatory results had been obtained through analysis. The State responded that no evidence existed; thus, there was no evidence suitable for analysis, and any exculpatory results of a DNA test would not be of

consequence because the victim had identified the petitioner, who was her father. Based on this response, the post-conviction court dismissed the petition, stating:

> After consideration of the State's response to the above inquiry as well as Petitioner's reply to the State's response, the court determines that no evidence exists that would be amenable to DNA testing. Further, even if such evidence did in fact exist, the court finds that there is no reasonable probability that DNA testing would have precluded the Petitioner's prosecution or conviction. The victim, Petitioner's daughter, identified Petitioner [as] the individual who engaged in unlawful sexual conduct with her.

## ANALYSIS

The petitioner's request was based on the Post-Conviction DNA Analysis Act of 2001, which allows a defendant convicted of certain crimes, including aggravated rape, to petition the court at any time for DNA analysis of evidence in the possession or control of the State. Courts will order DNA testing when:

> (1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;
>
> (2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;
>
> (3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and
>
> (4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

Tenn. Code Ann. § 40-30-404 (Supp. 2001).

On appeal, the petitioner raises several issues. First, he contends that the post-conviction court failed to consider whether identity was an issue. This argument, however, begs the question as to whether there is in existence evidence which is amenable to DNA testing. According to the State's response to the post-conviction court, the victim was not examined by a physician until three days after the incident, and the purpose of the exam was only to detect physical trauma. The State argued, and the post-conviction court made the finding, that no evidence suitable for DNA analysis is available. The petitioner has attached to his appellate brief several medical records supposedly

from the Metropolitan Nashville General Hospital, as well as a copy of what purports to be a 1992 affidavit in which a third party claimed to have had sexual relations with the victim. Though barely readable, the medical documents apparently describe procedures performed on the victim after the incident, and the affidavit gives testimony attempting to exculpate the petitioner. These supporting documents cannot be considered because they are not properly in the record on appeal. See Tenn. R. App. P. 28(a); State v. Matthews, 805 S.W.2d 776, 783 (Tenn. Crim. App. 1990) (transcripts attached to appellant's brief were not considered by the court because they were not made part of the record).

The petitioner contends also that the State is at fault for allowing the destruction of evidence that would be suitable for DNA analysis. However, there is no proof that such evidence was ever in the possession of the State or even existed. Additionally, the petitioner claims that his due process rights were violated because the State failed to preserve evidence amenable for DNA analysis, resulting in an unfair trial. See State v. Ferguson, 2 S.W.3d 912, 917 (Tenn. 1999) (whether a defendant's due process rights were violated depends on whether the State had a duty to preserve evidence). Both of these claims presuppose that the State once possessed, but destroyed or lost, evidence suitable for DNA analysis. However, the State has denied that this is the case, and there is no basis for our concluding otherwise.

The petitioner raises two additional issues on appeal, insufficient evidence and improper jury instructions, both of these appearing to be directed toward the evidence at his trial. The petitioner misunderstands the function and scope of the DNA Analysis Act. It does not permit him to appeal unrelated claims or reargue the issues raised in his previous, unsuccessful petition for post-conviction relief. Accordingly, these claims are not properly before the court. Tenn. Code Ann. § 40-30-202(c) (1997).

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the post-conviction court's dismissal of the petition.

_____
ALAN E. GLENN, JUDGE