IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 24, 2007

**STATE OF TENNESSEE v. SAMMY MORRISON**

**Direct Appeal from the Circuit Court for Grundy County**
**No. 4169    Buddy Perry, Judge**

_____

**No. M2007-00939-CCA-R3-CD - Filed December 11, 2007**

_____

A Grundy County jury convicted the Defendant, Sammy Morrison, of driving under the influence and resisting arrest. The trial court sentenced him to eleven months, twenty-nine days, with all but forty hours suspended for the DUI and to five days, suspended, for the resisting arrest conviction. On appeal, the Defendant argues that there was not sufficient evidence to support his convictions. After a thorough review of the evidence and applicable law, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and J.C. MCLIN, J., joined.

Robert G. Morgan, Jasper, Tennessee; for the Appellant, Sammy Morrison.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Leslie E. Price, Assistant Attorney General; J. Michael Taylor, District Attorney General; David O. McGovern, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**I. Facts**

This cases arises from the Defendant's arrest on April 12, 2005, for driving under the influence ("DUI") and resisting arrest. The following evidence was presented at trial:

Jason Layne, a Gruetli-Laager police officer, testified that on April 12, 2005, he saw a truck pull out in front of him on Highway 108, and the truck "was swerving from the fog line to the fog line." Officer Layne turned on his lights and siren to pull over the driver, but the truck would not stop. Officer Layne radioed dispatch that he was attempting to stop a vehicle that refused to stop.

The vehicle eventually stopped at a convenience store and pulled into the drive-thru area.  Officer Layne followed the vehicle and waited until it pulled over to the side parking lot.

At that point, Officer Layne approached the vehicle, and he "observed, between [the Defendant's] legs was a quart of beer" and that "the odor, essence of alcohol just engulfed [him]." When Officer Layne asked the Defendant if he had been drinking, he could "hardly understand a word [the Defendant] was saying."  Officer Layne said he told the Defendant that he was under arrest, at which point the Defendant attempted to start his truck and back it away from the officer. Officer Layne testified he "re[a]ch[ed] in and and grabbed hold of [the Defendant's] keys to keep him from taking [off]. [The Defendant] re[a]ch[ed] and grabbed [Officer Layne's] arm and kind of pulled [him] into there to [the Defendant]."  Then Officer Layne opened the truck door, and the Defendant let go of him while saying, "I'll show you something" and reaching downwards towards a jacket, in which Officer Layne later found a gun.  Officer Layne said that he proceeded to spray the Defendant with his "chemical weapon and grabbed hold of him, and got him out."  At that point, the beer bottle that was between the Defendant's legs fell out of the truck and onto the ground.  Officer Layne said Officer McCormick arrived and helped him arrest the Defendant, who was "very combative . . . hollering, yelling, and . . . may have even been kicking."  After arresting the Defendant, Officer Layne inventoried the vehicle, revealing the gun wrapped in the jacket.  Officer Layne said that he then took the Defendant to the police station and read the Tennessee Department of Safety Implied Consent Report to him, after which the Defendant refused the blood alcohol concentration test.  Officer Layne testified that he believed "the Defendant was under the influence of alcohol that day."

On cross examination, Officer Layne admitted that he had stopped drivers for weaving who were not intoxicated but instead were "sleepy" or "dropped a cigarette, or they've reached down or something with their kids."  Officer Layne said that he observed the Defendant driving for about 100 yards before turning on his blue lights.  Officer Layne said he pulled "directly behind" the Defendant's automobile at the drive-thru and waited for about two minutes before the Defendant pulled out of the drive-thru and over to the side parking lot.

Ken McCormick, a Grundy County police officer, testified that on April 12, 2005, he heard on the police scanner that Officer Layne was struggling to arrest someone.  Upon arriving at Officer Layne's location, Officer McCormick saw Officer Layne fighting with the Defendant on the ground. Officer McCormick testified that he helped handcuff the Defendant and put him into the police cruiser.  Officer McCormick said a freshly broken beer bottle lay on the ground next to the Defendant's vehicle, and the Defendant had "a strong smell of an alcoholic beverage about [his] breath and person."  Moreover, the Defendant "was unsteady on his feet . . . . very belligerent . . . [and] hollering and cussing" with slurred speech. Officer McCormick stated that the Defendant "was still unruly, cussing . . . . [and] disorderly" at the jail, and he refused to take a blood test or sign an implied consent form.

On cross examination, Officer McCormick testified that, "in most cases" where sobriety is an issue, common procedure calls for a field sobriety test.  Officer McCormick testified that the

broken bottle of beer looked quart-sized and had a puddle near it that smelled like beer.

The jury found the Defendant guilty of DUI and resisting arrest, and the Defendant challenges on appeal the sufficiency of the convicting evidence.

## II. Analysis

The Defendant contends the evidence is insufficient to support his convictions for DUI and resisting arrest. The State responds that the Defendant's erratic driving and strong odor of alcohol support the DUI conviction, and that the Defendant's combative behavior toward the police officer support the resisting arrest conviction. We agree with the State.

When an accused challenges the sufficiency of the evidence, this Court's standard of review is whether, after considering the evidence in the light most favorable to the State, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see* Tenn. R. App. P. 13(e); *State v. Goodwin*, 143 S.W.3d 771, 775 (Tenn. 2004) (citing *State v. Reid*, 91 S.W.3d 247, 276 (Tenn. 2002)). In determining the sufficiency of the evidence, this Court should not re-weigh or re-evaluate the evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn.Crim.App. 1990). Nor may this Court substitute its inferences for those drawn by the trier of fact from the evidence. *State v. Buggs*, 995 S.W.2d 102, 105 (Tenn. 1999); *Liakas v. State*, 286 S.W.2d 856, 859 (Tenn. 1956). "Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact." *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997); *Liakas,* 286 S.W.2d at 859. "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Cabbage,* 571 S.W.2d 832, 835 (Tenn. 1978); *State v. Grace,* 493 S.W.2d 474, 479 (Tenn. 1973). The Tennessee Supreme Court stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

*Bolin v. State*, 405 S.W.2d 768, 771 (Tenn. 1996) (citing *Carroll v. State,* 370 S.W.2d 523 (Tenn. 1963)). This Court must afford the State of Tennessee the strongest legitimate view of the evidence contained in the record, as well as all reasonable inferences which may be drawn from the evidence. *Goodwin*, 143 S.W.3d at 775 (citing *State v. Smith*, 24 S.W.3d 274, 279 (Tenn. 2000)). Because a verdict of guilty against a defendant removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing the evidence was legally insufficient to sustain a guilty verdict. *State v. Carruthers*, 35 S.W.3d 516, 557-58 (Tenn. 2000). Importantly, the credibility of the witnesses, the weight given to their testimony, and the

reconciliation of conflicts in the evidence are matters entrusted exclusively to the jury as the trier of fact. *Bland*, 958 S.W.2d at 659.

A conviction for DUI requires a "person to drive or to be in physical control of any automobile or other motor driven vehicle on any of the public roads and highways of the state . . . while: (1) under the influence of any intoxicant . . . " T.C.A. § 55-10-401(a)(1) (2005). No blood alcohol test need be administered for a conviction of driving under the influence. *State v. Gilbert*, 751 S.W.2d 454, 459 (Tenn. Crim. App. 1988). In this case, a police officer saw the Defendant driving in an erratic manner, swerving from fog line to fog line. The Defendant did not respond immediately to the officer's attempt to stop him. When he eventually responded to the officer, the Defendant had a particularly strong odor of alcohol about him and a large bottle of beer between his legs. The Defendant was also combative and slurred his speech so badly the officer could not understand him. Even though the police officer could not perform field sobriety tests and the Defendant did not submit to a blood alcohol test, there is sufficient evidence from which a trier of fact could find that the Defendant was driving under the influence of an intoxicant. As such, the Defendant is not entitled to relief on this issue.

The Defendant also claims the jury did not have sufficient evidence to convict him of resisting arrest. The Tennessee Code defines the crime of resisting arrest as occurring when "a person . . . intentionally prevent[s] or obstruct[s] anyone known to the person to be a law enforcement officer . . . from effecting a stop, frisk, halt, arrest, or search of any person, including the defendant, by using force against the law enforcement officer or another." T.C.A. § 39-16-602 (2005). In this case, the Defendant did not immediately pull over once the police officer turned on his blue lights. Instead he continued driving and went to a drive-thru convenience mart. While in the drive-thru, the Defendant continued to ignore Officer Layne's request to pull through and over to the side. When Officer Layne finally encountered the Defendant, he was hostile, he tried to pull the officer through the car window, and he threatened the officer, even reaching for a concealed gun. There is sufficient evidence for a rational jury to convict the Defendant of resisting arrest; as such, the Defendant is not entitled to relief on this issue.

### III. Conclusion

After a thorough review of the record, we find that the evidence sufficiently supports the Defendant's convictions for DUI and resisting arrest. Based on the foregoing reasoning and authorities, we affirm the judgments of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE

4