# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs May 6, 2003

## STATE OF TENNESSEE v. BARTON DEREK GRANDE

**Appeal from the Circuit Court for Henry County**
**No. 13321      Julian P. Guinn, Judge**

---

**No. W2002-01893-CCA-R3-CD  - Filed September 2, 2003**

---

The Appellant, Barton Derek Grande, appeals his conviction by a Henry County jury for the manufacturing of methamphetamine, a class C felony. On appeal, Grande challenges the sufficiency of the convicting evidence and raises various other issues, including those of bias and selective prosecution by the State and the legality of a warrantless search of a vehicle. After review, we conclude that all of the issues raised by Grande have been procedurally defaulted except for his challenge to the sufficiency of the evidence. Because we find the evidence legally sufficient, the judgment of conviction is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, JJ., joined.

Barton F. Robison, Paris, Tennessee, for the Appellant, Barton Derek Grande.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Thomas E. Williams, III, Assistant Attorney General; G. Robert Radford, District Attorney General; and Steven L. Garrett, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On December 9, 2001, Edward Keith Brooks and Lonnie Jarred drove to a mobile home in Henry County to meet the Appellant and his girlfriend, Brook Collins, who were friends of Jarred. At this time, the Appellant and Collins were temporarily residing at this mobile home. Brooks, who was only casually acquainted with the Appellant, had agreed to drive the Appellant and Collins to their residence in Weakley County. After arriving at the mobile home in Henry County, the Appellant took a black duffle bag and placed it in the trunk of Brooks' car. Brooks did not look into

the trunk of his car after the Appellant placed the bag inside. The four left together in Brooks' car and, while en route to the Appellant's residence in Weakley County, a Henry County deputy pulled Brooks' car over because the driver's side headlight was out. After obtaining identification from each of the occupants, the deputy recognized Ms. Collins because of outstanding warrants for her arrest. Upon verifying that the warrants were still "active," Ms. Collins was placed under arrest.

During this process, the deputy noticed an ammunition belt inside the car and asked Brooks if he could search the car. Brooks refused. The deputy informed Brooks that he was going to conduct a canine search of the vehicle. During the removal of the occupants from the car, the deputy noticed a lithium battery lying in the seat where the Appellant had been sitting. The deputy was aware that lithium batteries are utilized in the production of methamphetamine. While walking the drug dog towards the car, the deputy smelled a strong odor, consistent with the manufacturing of methamphetamine, coming from the trunk area of the vehicle. As a result, the deputy conducted a full search of the vehicle.

Upon opening the trunk, the deputy found components necessary for a "meth lab." Inside the trunk was a black bag, a camouflage bag, ether, lithium batteries, sulfuric acid, bags containing 547.7 grams of pseudo-ephedrine in powder form, bags containing pseudo-ephedrine in tablet form, a propane cylinder, tubing, jars containing ether and anhydrous ammonia mix, and a quantity of methamphetamine.

On March 4, 2002, a Henry County grand jury returned an indictment against the Appellant for the manufacturing of methamphetamine, a schedule II controlled substance. A jury trial was held on July 2, 2002, and the Appellant was convicted as charged. The trial court subsequently denied the Appellant's motion for new trial and sentenced him to seven years in the Department of Correction as a Range II offender. This appeal followed.

**Analysis**

**A. Procedural Default**

On appeal, the Appellant identifies the following issues for our review:

1. WAS THE SELECTIVE PROSECUTION OF THE HITCHHIKER RATHER THAN THE DRIVER/POSSESSOR OF KEYS TO THE CAR FOR MATERIALS FOUND IN THE TRUCK OF THAT CAR UNNECESSARILY PREJUDICIAL TO DEFENDANT?

2. DID THE ABOVE SHOW BIAS ON THE PART OF THE STATE?

3. WAS SELF-SERVING NATURE OF THE TESTIMONY OF DRIVER FULLY CONSIDERED OR DID THE ABOVE ACTIONS BY THE STATE UNFAIRLY INFLUENCE THE JURORS?

4.       WAS THE SEARCH IN AND OF ITSELF LEGAL?

5.       WAS THE VERDICT CONTRARY TO THE WEIGHT OF EVIDENCE?

6.       WAS THE FACT THAT THE STATE WROTE ON EVIDENCE BAGS SUBMITTED TO THE LAB ONLY THE NAMES OF THE DEFENDANT AND HIS GIRLFRIEND AND NOT THAT OF THE DRIVER OF THE CAR NOR OF HIS FRIEND EVIDENCE OF THE ABOVE REFERENCED BIAS OF THE STATE?

7.       WAS THE DENIAL OF THE MOTION IN LIMINE BY THE DEFENDANT TO EXCLUDE A SINGLE BATTERY FOUND IN THE BACK SEAT OF THE CAR WHERE HE WAS SITTING PROPER?

It is well-established in this State that, in all cases tried by a jury, no issue presented for appellate review shall be predicated upon error in the admission or exclusion of evidence unless the same was specifically stated in a motion for new trial; otherwise, such issue will be treated as waived. Tenn. R. App. P. 3(e). The Appellant's motion for a new trial contains no issue relating to search of the vehicle, Appellant's issue 1, or exclusion of a "single battery," Appellant's issue 7. Furthermore, the Appellant's motion for new trial alleges no error with regard to issue 3, self-serving testimony, or issue 6, introduction of evidence bags, which also relate to the admission of evidence at trial. Accordingly, issues 3, 4, 6, and 7 are waived. Tenn. R. App. P. 3(e). Moreover, a defendant is not entitled to relief when the defendant fails to take reasonable actions to prevent or nullify the harmful effect of an error. Tenn. R. App. P. 36(a). Based upon our review of the record, we find no contemporaneous objections by the Appellant to the admission of the above evidence at trial. For this reason, the Appellant has also waived consideration of these claims.

Rule 12(b)(1) of the Tennessee Rules of Criminal Procedure provides that "defenses and objections based upon defects in the institution of the prosecution" which are capable of determination without the trial must be raised prior to trial. The record contains no objection to the institution of the prosecution against the Appellant . Accordingly, issues 1 and 2 are waived. Tenn. R. Crim. P. 12(f); *State v. Nixon*, 977 2d, 199, 121 (Tenn. Crim. App. 1997). Finally, we are constrained to note that issues 1, 2, 3 and 6 are waived because the Appellant fails to cite to any legal authority in their support. Tenn. Crim. App. R.10(b).

Having concluded the above issues are procedurally defaulted, we examine the Appellant's remaining issue.

**B. Sufficiency of the Evidence**

The Appellant argues that the evidence presented at trial was insufficient to support his conviction for manufacturing methamphetamine. When evidentiary sufficiency is questioned, our standard of review is, after considering all the evidence in the light most favorable to the State, whether any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *State v. Hall*, 8 S.W.3d 593, 599 (Tenn. 1999). This rule applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of both. *State v. Lewis*, 36 S.W.3d 88, 93 (Tenn. Crim. App. 2000) (citations omitted.)

A criminal offense may be established exclusively by circumstantial evidence. *State v. Tharpe*, 726 S.W.2d 896, 899-900 (Tenn. 1987). However, the facts and circumstances must "be so strong and cogent as to exclude every other reasonable hypothesis save the guilt of the defendant." *State v. Crawford*, 470 S.W.2d 610, 612 (1971). While following the above guidelines, this court must remember that the jury decides the weight to be given to circumstantial evidence and that "the inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence, are questions primarily for the jury." *Marable v. State*, 313 S.W.2d 451, 457 (Tenn. 1958). In determining the sufficiency of the evidence, this court shall neither reweigh or reevaluate the evidence, *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990), nor shall this court substitute its inferences for those drawn by the trier of fact. *State v. Buggs*, 995 S.W.2d 102, 105 (Tenn. 1999). Questions concerning the credibility of the witnesses, the weight and value of the evidence, and all factual issues raised by the evidence are resolved by the trier of fact. *Id*. This court must afford the State the strongest legitimate view of the evidence and all reasonable inferences drawn from it. *State v. Evans*, 838 S.W.2d 185, 191 (Tenn. 1992). The defendant, once convicted, is presumed guilty and bears the burden of proving that the evidence was insufficient. *Id*.

It is an offense for a defendant to knowingly manufacture a controlled substance. Tenn. Code Ann. § 39-17-417(a)(1) (Supp. 2002). Methamphetamine is classified as a schedule II controlled substance. Tenn. Code Ann. § 39-17-408(d)(2) (Supp. 2002). "Manufacture" is defined as

> the production, preparation, propagation, compounding, conversion or processing of a controlled substance, either directly or indirectly by extraction from substances of natural origin, or independently by means of chemical synthesis, and includes any packing or repackaging of the substance or labeling or relabeling of its container, except that "manufacture" does not include the preparation or compounding of a controlled substance by an individual for the individual's own use. . . .

Tenn. Code Ann. § 39-17-402(14) (1997).

Specifically, the Appellant argues that the only evidence supporting his conviction was the "self-serving testimony of Brooks," and "a single lithium battery found in the back seat where the

[Appellant] had been sitting." He argues this is insufficient to support his conviction. To reach this conclusion would require us to accept only the testimony of the Appellant and reject the key testimony of the State's witnesses. We reiterate that the standard of review on appeal requires us to consider the evidence in the light most favorable to the State not the Appellant.

The proof at trial established that ingredients and components necessary for the manufacture of methamphetamine were present in the trunk of the car. Moreover, the proof established the presence of the end product of the manufacturing process, *i.e.*, methamphetamine. A number of these items were found in a black canvas duffel bag. Brooks testified that the Appellant took a black duffel bag from the house to the trunk of the car and that the Appellant had access to the trunk of his car. Brooks further testified that he had no knowledge of the contents found in his trunk. The jury accredited Brooks' testimony, despite contradictions by Jared who testified for the defense. Additionally, the deputy testified that a lithium battery, of the same type as those found in the trunk, was found in the seat of the car where the Appellant had been sitting. It is not our place to reweigh the credibility of the testimony. In our view, the jury acted within its discretion in determining that the circumstantial evidence was sufficient to establish that the Appellant constructively possessed those items of contraband in the trunk of Brooks' car and was guilty of manufacturing methamphetamine. The evidence offered by the State satisfactorily excluded all "reasonable hypotheses save the guilt of the defendant." *Crawford*, 470 S.W.2d at 612. This issue is without merit.

## CONCLUSION

Based upon the foregoing, we affirm the judgment of the Henry County Circuit Court.

_____
DAVID G. HAYES, JUDGE