IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MARCH 1997 SESSION

FILED

June 6, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. No. 01C01-9603-CC-00094 |
| | ) | |
| Appellee, | ) | WILLIAMSON COUNTY |
| | ) | |
| vs | ) | HON. HENRY DENMARK BELL, |
| | ) | JUDGE |
| JOHN M. AKE, | ) | |
| | ) | (Aggravated Robbery and Theft) |
| Appellant. | ) | |

FOR THE APPELLANT:

**JOHN H. HENDERSON**
District Public Defender
407 C Main Street
P. O. Box 68
Franklin, TN 37065-0068

FOR THE APPELLEE:

**CHARLES W. BURSON**
Attorney General and Reporter

**KAREN M. YACUZZO**
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

**JOSEPH D. BAUGH, JR.**
District Attorney General

**MARK PURYEAR**
Assistant District Attorney General
P. O. Box 937
Franklin, TN 37065-0937

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

O P I N I O N

This is a direct appeal resulting from a jury verdict of guilty of aggravated robbery and theft under $500. Defendant, John M. Ake, was sentenced to eight (8) years as a Range I, Standard Offender for the offense of aggravated robbery and sixty (60) days in the county jail for the offense of theft under $500. The sentences were ordered to run concurrently with each other. Ake presents the following issues for our review:

> 1. whether the evidence was sufficient to sustain the conviction for aggravated robbery; and
>
> 2. whether the trial court erred in failing to suppress the confession given during custodial interrogation.

We affirm the judgment of the trial court.

**FACTS**

On December 12, 1994, defendant entered Papa John's Pizza, placed a gun to the head of the assistant manager, demanded and received the store's money, and fled the premises. The assistant manager identified the defendant at trial as the person who committed the armed robbery.

The manager followed the defendant out of the premises and observed the defendant get into the passenger side of a gray Lincoln Continental. The manager was able to secure the license number as the car sped away. He gave the car description and license tag number to the police.

The license tag number secured by the manager at the scene identified a Lincoln Continental registered to one Randall Cobb. Officers went to the Cobb residence and spoke to Randall Cobb's wife, Sharon Cobb. While the officers were present, a call came into the residence and was identified on the caller ID as coming from a pay phone outside the Subway in the Brentwood Place Shopping Center.

A vehicle matching the description given by the manager was found in the Brentwood Place Shopping Center. At this time the license tag on the vehicle was registered to one James Jordan. The license tag had just been stolen by the defendant from Mr. Jordan's vehicle in the same area.

2

Officers discovered the defendant and his co-defendant in the Subway Restaurant. A loaded revolver was found under the table, and a large number of small bills was found on the defendant. The defendant later confessed to committing the armed robbery as well as the theft of the license plate.

## SUFFICIENCY OF THE EVIDENCE

In determining the sufficiency of the evidence, this court does not reweigh or re-evaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn.1978). A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). On appeal, the state is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. State v. Harris, 839 S.W.2d 54, 75 (Tenn.1992). This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the defendant demonstrates that the facts contained in the record and the inferences which may be drawn therefrom are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. State v. Matthews, 805 S.W.2d 776, 780 (Tenn. Crim. App. 1990). Accordingly, it is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offenses beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 317, 99 S.Ct. 2781, 2789 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); T.R.A.P. 13(e).

Robbery is the intentional or knowing theft of property from the person of another by violence or putting the person in fear. T. C. A. § 39-13-401(a). Aggravated robbery is a robbery accomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon. T. C. A. § 39-13-402(a)(1). The evidence clearly is sufficient to support the conviction for aggravated robbery. This issue is without merit.

3

## MOTION TO SUPPRESS CONFESSION

Defendant contends the trial court erred by failing to suppress his confession given during custodial interrogation. More specifically, he contends questioning should have ceased when he made ambiguous and equivocal requests for counsel. We disagree.

Shortly after defendant's arrest he was questioned at the police department. He was advised of his Miranda rights orally and in writing. The defendant indicated that he understood those rights and signed the waiver indicating "I am willing to make a statement and answer questions. I do not want a lawyer at this time..."

During questioning the defendant was asked about the co-defendant who allegedly was an accomplice. Indicating that he did not want anything to happen to her, he stated, "I don't - I - I- probably need to get a lawyer, don't I..." The officer then advised defendant that he had to state whether he wanted an attorney. The defendant did not state he wanted an attorney. Thereafter, the officer attempted to get the defendant's clarification as to whether he desired an attorney during questioning. The defendant indicated "I think I probably do, don't I..." The officer then asked if he thought he needed an attorney at that time or when the defendant went to court. The defendant replied, "I don't - I don't know." There were no further discussions about counsel, and the defendant subsequently confessed.

It is undisputed that when a defendant clearly requests an attorney during custodial interrogation, all questioning must cease until an attorney is present, unless the defendant subsequently initiates further conversation with the authorities. Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L. Ed. 2d 378 (1981). However, the precise issue in the present case is whether an ambiguous or equivocal invocation of the right to counsel limits further custodial interrogation.

## A. STEPHENSON

The issue was addressed by the Tennessee Supreme Court in State v.

4

Stephenson, 878 S.W.2d 530 (Tenn. 1994). The Court noted that the United States Supreme Court had not resolved the issue of what should be regarded as a valid invocation of the right to counsel. After examining cases from other jurisdictions, the Court concluded that an equivocal invocation of the right to counsel limits further interrogation to questions clarifying a defendant's desire for an attorney. Id. at 548. Implicit in this finding was the Court's conclusion that both the Fifth Amendment of the United States Constitution and Article I, Section 9 of the Tennessee Constitution require this result.

## B. DAVIS

Shortly after Stephenson, the United States Supreme Court did indeed address this issue in Davis v. United States, 512 U.S. 452, 114 S.Ct. 2350, 129 L.Ed. 2d 362 (1994). The Court concluded that the Fifth Amendment to the United States Constitution does not require officers to cease interrogation when the suspect makes an ambiguous or equivocal request for counsel. The Court noted the need for a bright line rule and was unwilling to prevent police questioning when the suspect might want a lawyer. Davis, 114 S.Ct. at 2356-2357. Unless the defendant actually requests an attorney, questioning may continue. Id.

## C. FARMER

Thereafter, our Court noted that Article I, Section 9 of the Tennessee Constitution provides similar, albeit broader, protection for the accused as compared to the Fifth Amendment to the United States Constitution. State v. Farmer, 927 S.W.2d 582, 594 (Tenn. Crim. App. 1996). Our Court followed Stephenson and remanded for a factual determination as to whether the defendant made a request, equivocal or not, for counsel during questioning. Our Court did not make any reference to the United States Supreme Court decision in Davis v. United States.

5

## D.  HUDDLESTON

Subsequently, the Tennessee Supreme Court revisited this issue.  The Court cited Davis with approval noting that police need not cease questioning if a suspect fails to make an unambiguous request for counsel.  State v. Huddleston, 924 S.W.2d 666, 669-70 (Tenn. 1996).  It would appear that Huddleston was decided under the Fifth Amendment to the United States Constitution as there was no reference whatever to Article I, Section 9 of the Tennessee Constitution.

More recently, our Court in State v. Jack Jay North, Jr., C.C.A. No. 02C01-9512-CC-00369, Hardin County (Tenn. Crim. App. filed December 9, 1996, at Jackson) noted that Huddleston cited Davis with approval.  Our Court, therefore, concluded that the questioning of a defendant could continue until and unless the defendant clearly requested an attorney.

## E.  OUR CONCLUSION

Our Tennessee Supreme Court in Huddleston approved the holding in Davis. Although the precise issue in Huddleston related only to Fifth Amendment protection, the Court gave no indication that Article I, Section 9 of the Tennessee Constitution would require a different result. The need for a bright line rule as noted by the United States Supreme Court in Davis with regard to the Fifth Amendment is equally applicable to the Tennessee Constitution.  There is no just reason to extend greater protection under the Tennessee Constitution than has been extended under the Fifth Amendment to the United States Constitution.

## F.  HARMLESS ERROR

The admission of defendant's confession was, at most, harmless beyond a reasonable doubt.  T.R.A.P. 36(b).  Proof of guilt was overwhelming, and the

6

confession was merely cumulative to other admissible evidence which clearly established guilt.  See Hartman v. State, 896 S.W.2d 94 (Tenn. 1995).

The judgment of the trial court is affirmed in all respects.

_____
                                       JOE G. RILEY, JUDGE

CONCUR:

 (SEE SEPARATE CONCURRING OPINION)
JOSEPH M. TIPTON, JUDGE

(SEE SEPARATE CONCURRING OPINION)
THOMAS T. WOODALL, JUDGE