IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 6, 2013

## DARREN BROWN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 06-08194      Paula Skahan, Judge**

**No. W2012-02584-CCA-MR3-PC  - Filed December 5, 2013**

Petitioner, Darren Brown, appeals from the trial court's dismissal of Petitioner's post-conviction relief petition without an evidentiary hearing, based upon a finding that the petition was filed in violation of the statute of limitations. After a thorough review of the record and the briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Darren Brown, Whiteville, Tennessee, *Pro Se.*

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Kevin Rardin, Assistant District Attorney General, for the appellee, the State of Tennessee.

### OPINION

Following a jury trial, Petitioner was convicted of first degree murder. This court affirmed the conviction in an opinion filed on January 5, 2010. *See State v. Darren Brown*, No. W2008-01866-CCA-R3-CD, 2010 WL 22812 (Tenn. Crim. App. Jan. 5, 2010). The Tennessee Supreme Court denied Petitioner's Application for Permission to Appeal on April 14, 2010. Petitioner has been in the custody of the Department of Correction from his conviction to the present time. He filed his petition for post-conviction relief *pro se*.

The *pro se* petition for post-conviction relief, sworn to by Petitioner in the presence of a notary public, states that his petition was "hand delivered to the appropriate Prison Official in the [m]ail [r]oom here at Hardeman County Correctional Facility" on April **20**,

2011. The petition was stamped filed by the clerk of the trial court on May 3, 2011. Tennessee Rule of Criminal Procedure 49(d) provides as follows:

> (d)     SERVICE BY PRO SE INMATE. —
>
> (1)     WHEN DEEMED FILED. — If a paper required or permitted to be filed pursuant to the rules of criminal procedure is prepared by or on behalf of a pro se litigant incarcerated in a correctional facility and is not received by the court clerk until after the deadline for filing, the filing is timely if the paper was delivered to the appropriate individual at the correctional facility within the time set for filing. This provision also applies to service of papers by such litigants pursuant to the rules of criminal procedure.
>
> (2)     DEFINITION OF CORRECTIONAL FACILITY. — "Correctional facility" includes a prison, jail, county workhouse, or similar institution in which a pro se litigant is incarcerated.
>
> (3)     BURDEN OF PROVING TIMELY FILING. — When timeliness of filing or service is an issue, the burden is on the pro se litigant to establish compliance with this provision.

The one year statute of limitations for filing a post-conviction petition is set forth in Tennessee Code Annotated section 40-30-102(a) as follows:

> (a) Except as provided in subsections (b) and (c), a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

Clearly, the petition was filed more than one year after April 14, 2010. There are three statutory exceptions to the one-year statue of limitations, but none of these are asserted by Petitioner to be applicable. *See* Tenn. Code Ann. § 40-30-102(b).

Also, constitutional due process principles sometime require tolling of the statute of limitations in post-conviction cases. Our supreme court recently noted,

> our courts have tended to focus on whether particular cases fit one of the three ad hoc due process exceptions we have identified in the past, i.e. later-arising claims, petitioner mental incompetence, and attorney misrepresentation significantly more egregious than negligence.

*Whitehead v. State*, 402 S.W.3d 615, 631 (Tenn. 2013).

In *Whitehead*, our supreme court adopted a two-prong analysis from *Holland v. Florida*, 560 U.S. 631 (2010) and *Maples v. Thomas*, 565 U.S. _____ (2012) stating that,

> A petitioner is entitled to due process tolling upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and *prevented* timely filing.

*Whitehead*, 402 S.W.3d at 631. (emphasis added)

*Whitehead* addresses a case where the petitioner's ability to timely file a post-conviction petition "was thwarted . . . due to extraordinary circumstances beyond his control," *Id*. at 634, due to his attorney's conduct. The way the *Whitehead* opinion is written, the two-prong inquiry is literally limited to situations of attorney conduct. ("Henceforth, when a post-conviction petitioner argues that due process requires tolling the Post-Conviction Procedure Act's statute of limitations **based on the conduct of his or her lawyer**, the two prong inquiry of *Holland* and *Maples* should guide the analysis." *Whitehead*, 402 S.W.3d at 631 (emphasis added)).

Petitioner attached with his brief, but did not file with his petition in the trial court, the affidavit of Tess Woods, a Case Manager at Hardeman County Correctional Facility. In that affidavit, she states that Hardeman County Correctional Facility, where Petitioner was incarcerated, "was placed on Administrative Lock-down between April 11, 2011 and April 15, 2011." She does not define "Administrative Lock-down" or mention any of the restrictions on inmates as a result of "Administrative Lock-down" other than state that during the period of the lock-down, Petitioner "was unable to mail his, *pro se*, petition for post-

conviction relief to the Criminal Court Clerk's Office at Memphis, Shelby County, Tennessee." She went on to depose that Petitioner advised her his petition had to be filed within one year of April 14, 2010, which was the date the Tennessee Supreme court denied his application for permission to appeal.

Furthermore, the affidavit of Ms. Woods goes on to state that she contacted an employee of the appellate court clerk's office in Jackson by telephone presumably to express Petitioner's concerns about being able to timely file his post-conviction petition. The affidavit provides the name of the employee of the appellate court clerk's office.

The affidavit states that this employee of the appellate court clerk's office informed Ms. Woods that Petitioner "had until Monday, April 25, 2011, to file his, *pro se*, petition for post-conviction relief, because the Tennessee Supreme Court did not issue a mandate finalizing his appellate review until April 27, [sic] 2010." Ms. Woods added that she provided this information to Petitioner.

First, as correctly noted by the State in its brief, the affidavit of Ms. Woods is not appropriately part of the appellate record. It was first submitted in this court, and was not provided to the trial court. Merely attaching a document to a brief does not include that document in the appellate record, and it should not be considered by this court as part of the record. *State v. Matthews*, 805 S.W.2d 776, 783-84 (Tenn. Crim. App. 1990).

It appears that Petitioner asserts on appeal that the one-year statute of limitations should be tolled because the facility where he was incarcerated was on "Administrative Lock-down" the last few days before the statute of limitations ran, and/or because he received, second hand, incorrect information *not* from an attorney, but from an employee of the appellate court clerk's office.

At the conclusion of the majority's opinion in *Whitehead*, our supreme court stated,

> As we recently noted, "[i]n every case in which we have held the statute of limitations is tolled, the pervasive theme is that circumstances *beyond a petitioner's control* prevented the petitioner from filing a petition for post-conviction relief within the statute of limitations. *Smith v. State*, 357 S.W.3d at 358. This observation holds true today.

*Whitehead*, 402 S.W.3d at 634.

As stated above, Ms. Woods' affidavit is not properly a part of the record which can be considered by this court. Even if we could consider it, Petitioner would not be entitled

to relief. Erroneous information from an employee of the appellate court clerk's office did not *prevent* Petitioner from timely filing his petition for post-conviction relief. Regarding "Administrative Lock-down," we first note that there is **nothing** in the record which mentions any restrictions placed upon Petitioner by the "Administrative Lock-down," other than the lock-down caused Petitioner to be "unable to mail his, pro se, petition for post-conviction relief to the Criminal Court Clerk's office at Memphis in Shelby County, Tennessee" during the lock-down "between April 11, 2011 and April 15, 2011."

Interestingly, the affidavit also includes the information that the "Administrative Lock-down" did **not** prevent Ms. Woods, the case manager, from speaking with Petitioner on April **11**, 2011 "concerning [Petitioner's] deadline date of April **14**, 2011, one-year from the date of April **14**, 2010 which the Tennessee Supreme Court denied his application for permission. [sic]". Petitioner knew his deadline was one year from April 14, 2010, to timely file a petition for post-conviction relief. When Petitioner did finally file his late petition, he did so by delivering it to the "appropriate Prison Officials in the Mail Room." While Petitioner might not have been able to mail his petition to the clerk, there is nothing in the affidavit that even hints at any restriction on Ms. Woods from delivering the petition on behalf of Petitioner even in a lock-down. After all, she deposed that she discussed the situation with Petitioner on April 11, 2011, and thereupon called the appellate court clerk's office on behalf of Petitioner.

There is not enough evidence properly in the record to justify a tolling of the statute of limitations pursuant to due process concerns. Even if Ms. Woods' affidavit had been properly included in the record, there is nothing in it which shows that under circumstances *beyond* Petitioner's control, he was *prevented* from timely filing his petition for post-conviction relief.

Accordingly, the judgment of the trial court dismissing the petition for post-conviction relief is affirmed.

 

_____
THOMAS T. WOODALL, JUDGE