IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 09, 2014

**STATE OF TENNESSEE v. SANDRA PEREZ**

**Appeal from the Circuit Court for Wayne County**
**No. 15186    Robert L. Jones, Judge**

---

**No. M2013-00303-CCA-R3-CD - Filed May 20, 2014**

---

The defendant, Sandra L. Perez, appeals a jury verdict of guilty of Tenn Care fraud, asserting insufficient evidence upon which to base a verdict of guilty. Finding no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOE H. WALKER, III, SP.J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Patrick S. Butler, Waynesboro, Tennessee, for the appellant, Sandra Perez.

Robert E. Cooper, Jr., Attorney General and Reporter; Michelle Consiglio-Young, Assistant Attorney General; Mike Bottoms, District Attorney General; and Doug Dicus, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The defendant was indicted for violation of Tennessee Code Annotated section 71-5-2601, TennCare fraud, by obtaining a forged prescription paid for by TennCare. At trial, a pharmacy clerk with Duren's Pharmacy in Waynesboro, Tennessee, testified that on February 13, 2012, the pharmacy received a prescription order by phone for a prescription

for the defendant for three drugs, two of which were paid for by TennCare. The prescription signature log kept by the pharmacy indicated that the drugs were picked up through the drive-thru on February 13. The defendant did not return the drugs to the pharmacy. When a prescription comes in by phone, the pharmacist verifies the request by the Drug Enforcement Agency (D.E.A.) Registration number, which in this case belongs to Ms. Rhonda Kopra.

Ms. Kopra testified that she is a physician assistant and has authority to write prescriptions. In February 2012, she worked for the Spring Hill clinic of America's Family doctors. She identified the defendant as one of her patients. She began treating the defendant in December 2011 as a TennCare patient. She saw the defendant four times at the clinic and wrote prescriptions for her. The prescriptions would have her D.E.A. number on them. Ms. Kopra testified she did authorize, or prescribe, or call in the prescriptions for the defendant on February 13. Two of the prescriptions (Lortab and Adipex) were for controlled substances, and she uses handwritten prescriptions for controlled substances. Ms. Kopra last treated the defendant January 2, 2012, and the last prescription authorized was January 9. The February 13 alleged prescription for Lortab was for 120 tablets and Ms. Kopra explained that writing such a prescription would have gotten her fired and she would not issue such a prescription.

Alison Styke, the office manager for America's Family Doctors Spring Hill clinic, testified that the clinic had no record of prescriptions being called in for the defendant on February 13, 2012. She also confirmed that it was the office's policy to not call in prescriptions for controlled substances.

The parties stipulated to facts which were presented to the jury:

the parties agree that it is an undisputed fact that on February 13, 2012, a prescription for Hydrocodone/Lortab quantity of one hundred and twenty pills in the name of Sandra Perez was filled at Duren's Pharmacy in Waynesboro, Tennessee; Sandra Perez was enrolled in TennCare at this time, and this prescription was paid for with TennCare funds.

Laurie Mallard, criminal investigator for TennCare fraud with the Office of the Inspector General, testified about her investigation. She inspected records from Duren's Pharmacy and spoke with people from the pharmacy and doctor's office. On April 13, 2012, she spoke with the defendant. She advised the defendant of her Miranda rights. The defendant stated that she told her daughter, Alexis Schroth, to pick up the prescription on February 13, 2012. She denied knowing the prescription was a forgery, but offered no explanation of how she would have known to tell her daughter to pick up a prescription that had fraudulently been called in. The defendant admitted she was not treated at the clinic since January. The defendant

stated she had been terminated as a patient from the clinic but was not given a reason as to why she was dismissed.

On cross-examination, Ms. Mallard testified she did not subpoena any phone records, and does not know who called the prescription in to Duren's Pharmacy. She did not ask to search defendant's house for the bottle the pills came in.

The only witness for the defense was Alexis Schroth, the daughter of the defendant. She testified that she and her mother, the defendant, went together to Duren's Pharmacy on February 13 to pick up a prescription for her brother, Bobby Faulkner. When they drove through they picked up her brother's prescription, and the pharmacy technician told them they had another prescription ready for the defendant. They then picked up the prescriptions that are the subject of the indictment. The defendant made a comment to Ms. Schroth that "she didn't think she had anything." After they picked up the prescriptions, the defendant opened them on the way home.

On rebuttal, Ms. Mallard testified that she spoke to Ms. Schroth, who told her that her mother had asked her to pick up the drugs from Duren's Pharmacy on February 13th. She did not mention picking up her brother's prescription, or that her mother was with her.

## ANALYSIS

The defendant contends that the evidence is insufficient to sustain the conviction for TennCare fraud. When evaluating a challenge to a conviction based upon the sufficiency of the evidence, "we must determine whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *State v. Parker*, 350 S.W.3d 883, 903 (Tenn. 2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)); *see also* Tenn. R. App. P. 13(e); *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011).

A verdict of guilty removes the presumption of innocence to which a defendant had formerly been entitled and replaces it with a presumption of guilt; accordingly, the defendant bears the burden of demonstrating the insufficiency of the evidence to sustain a guilty verdict. *State v. Sisk*, 343 S.W.3d 60, 65 (Tenn. 2011); *State v. Banks*, 271 S.W.3d 90, 137-38 (Tenn. 2008). In conducting this analysis, "we must afford the State the strongest legitimate view of the evidence and any reasonable inferences that may be drawn from it." *State v. James*, 315 S.W.3d 440, 455 (Tenn. 2010); *see also State v. Casper*, 297 S.W.3d 676, 683 (Tenn. 2009). This rule applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. *State v. Pendergrass*, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999).

3

In determining the sufficiency of the evidence, this court should not re-weigh or reevaluate the evidence. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). "Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact." *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997); *Liakas v. State*, 199 Tenn. 298, 286 S.W.2d 856, 859 (Tenn. 1956). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978); *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973).

To support Defendant's conviction for TennCare fraud, the State was required to establish a violation of Tennessee Code Annotated section 71-5-2601, which states in part:

> (a) (1) (A) A person, including an enrollee, recipient, or applicant, commits an offense who knowingly obtains, . . . by means of a willfully false statement, representation, or impersonation, or by concealment of any material fact, or by any other fraudulent means, or in any manner not authorized by any rule, regulation, or statute governing TennCare:
>> (i) Medical assistance benefits or any assistance provided pursuant to any rule, regulation, procedure, or statute governing TennCare to which such person is not entitled, or of a greater value than that to which such person is authorized;
>> (ii) Benefits by knowingly making a willfully false statement, or concealing a material fact relating to personal or household income, thereby resulting in the assessment of a lower monthly premium than the person would be required to pay if not for the false statement or concealment of a material fact; or
>> (iii) Controlled substance benefits by knowingly, willfully and with the intent to deceive, failing to disclose to a physician, nurse practitioner, ancillary staff, or other health care provider from whom the person obtains a controlled substance, or a prescription for a controlled substance, that the person has received either the same controlled substance or a prescription for the same controlled substance, or a controlled substance of similar therapeutic use or a prescription for a controlled substance of similar therapeutic use, from another practitioner within the previous thirty (30) days and the person used TennCare to obtain the benefits.

The State was therefore required to prove that the defendant (an enrollee) knowingly obtained assistance benefits provided by regulation (in this case controlled substances) by concealment of any material fact (that she was not entitled to the controlled substances) or by any other fraudulent means, medical assistance benefits (drugs) to which such person was not entitled (the prescription was not legitimately authorized) and used TennCare funds to

4

pay for those benefits. Viewing the evidence in a light most favorable to the State, a fraudulent prescription was called into Duran's Pharmacy for the defendant, a TennCare enrollee, using the D.E.A number of Ms. Kopra, who did not prescribe the drugs. The drugs were paid for by TennCare. The drugs were picked up through the drive-thru by the defendant's daughter, who told the investigator she picked up the drugs for the defendant. The defendant knowingly received the drugs to which she was not entitled.

The defendant alleges in her brief "that the [S]tate cannot establish beyond a reasonable doubt that she or anyone acting on her behalf had a prescription called into Duren's Pharmacy;" that the State "failed to establish any actions of the Defendant whatsoever, which led to her obtaining a forged prescription from Duren's Pharmacy;" and "since the [S]tate cannot establish beyond a reasonable doubt, that the defendant was to one who called the prescription in, that she could not be convicted of the charge of TennCare fraud. . . ." We respectfully disagree. The elements of the offense do not require the State to prove the defendant or someone acting on her behalf called in the fraudulent prescription. This court concludes that the defendant did not carry the burden of demonstrating the insufficiency of the evidence. The evidence is sufficient to support the conviction. The defendant is not entitled to relief.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

_____
JOE H. WALKER, III, SPECIAL JUDGE