# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 25, 2014

**STATE OF TENNESSEE v. TAMEKIA SHANTELL JONES**

**Appeal from the Circuit Court for Madison County**
**No. 13107     Donald H. Allen, Judge**

---

**No. W2013-02578-CCA-R3-CD  - Filed December 2, 2014**

---

Defendant, Tamekia Shantell Jones, was charged with Class A misdemeanor theft from Macy's store in an indictment returned by the Madison County Grand Jury.  Following a jury trial, she was found guilty as charged.  The trial court sentenced her to serve eleven months and twenty-nine days in the Madison County jail, to be served consecutively to a sentence for convictions in Hardeman County.  In this appeal, Defendant's sole issue is a challenge to the sufficiency of the evidence to support the conviction.  After a thorough review of the record and the briefs of the parties, we affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER, and D. KELLY THOMAS, JR., JJ., joined.

George Morton Googe, District Public Defender; and Gregory D. Gookin, Assistant Public Defender, Jackson, Tennessee (on appeal); and Daniel J. Taylor, Jackson, Tennessee, (at trial), for the appellant, Tamekia Shantell Jones.

Herbert H. Slatery, III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; James G. (Jerry) Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney  General, for the appellee, the State of Tennessee.

# MEMORANDUM OPINION

## FACTS

Defendant did not offer any proof at trial. The State's proof showed that on May 18, 2012, Defendant took three childrens' size Polo shirts to the Macy's store in Jackson to be returned and for Defendant to receive a cash refund in the form of a gift card. Price tags for the three childrens' shirts had originally been placed upon adult sized Polo shirts. Refunds were given to Defendant for the dollar values of the price tags. The value of the price tags fraudulently placed upon the childrens' size Polo shirts totaled more than $200.00 above the original and accurate value of the childrens' size Polo shirts, for a loss of $237.48 to Macy's on May 18, 2012. Similar deception by Defendant with adult size Polo shirts on June 14, 2012, resulted in a loss to Macy's of $235.41. Also on May 18, 2012, a short time prior to the return and refund, the Macy's loss prevention manager observed Defendant removing price tags from "higher dollar" men's Polo shirts, which had prices between $90.00 and $125.00. Testimony confirmed the conduct of Defendant causing the losses to Macy's store was without the consent of Macy's store.

## ANALYSIS

T.C.A. § 39-14-103(a) states, "A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." The crux of Defendant's argument on appeal is that the evidence was insufficient to support her conviction because the testimony of the loss prevention manager was not sufficient evidence because there was no testimony from any clerks who processed the returns/refunds, there was no proof of a video-recording of the transactions, and there were no receipts of the subject transactions introduced as evidence.

On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn from that evidence. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). When a defendant challenges the sufficiency of the evidence, the standard of review applied by this Court is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.," *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Similarly, Rule 13(e) of the Tennessee Rules of Appellate Procedure states, "Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support a finding by the trier of fact of guilt beyond a reasonable doubt." Guilt may be found beyond a reasonable doubt in a case where there is

direct evidence, circumstantial evidence, or a combination of the two. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

The trier of fact must evaluate the credibility of the witnesses, determine the weight given to witnesses' testimony, and reconcile all conflicts in the evidence. *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996). When reviewing issues regarding the sufficiency of the evidence, this court shall not "reweigh or reevaluate the evidence." *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997).

Under these well established standards, the proof admitted at trial was clearly legally sufficient to sustain Defendant's conviction of Class A misdemeanor theft, being theft of property that is $500.00 or less in value. T.C.A. § 39-14-105(a)(1).

Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee provides that a judgment may be affirmed by memorandum opinion whenever there is sufficient evidence to support the finding of guilt beyond a reasonable doubt and there is no error of law apparent on the record which requires the reversal of the judgment.

Accordingly, the judgment of the trial court is affirmed by memorandum opinion.

_____
THOMAS T. WOODALL, PRESIDING JUDGE