# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs April 12, 2016

## WILLIAM S. MITCHELL v. MICHAEL PARRIS, WARDEN

**Appeal from the Circuit Court for Lake County**
**No. 15-CR-10093      R. Lee Moore, Jr., Judge**

---

**No. W2015-01790-CCA-R3-HC  -  Filed September 29, 2016**

---

The petitioner, William S. Mitchell, attempts to convert an appeal of the denial of his petition for writ of habeas corpus into a Tennessee Rule of Criminal Procedure 36.1 claim regarding the illegality of his plea agreement sentence for aggravated sexual battery. We respectfully decline the petitioner's request that we consider his timely appeal of the denial of his petition for writ of habeas corpus as an untimely appeal of his motion to correct an illegal sentence. Accordingly, we dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

ALAN E. GLENN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT H. MONTGOMERY, JR., J., joined.

Hal J. Boyd (on appeal) and William S. Mitchell, Pro Se (in habeas corpus court), Tiptonville, Tennessee, for the appellant, William S. Mitchell.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; C. Phillip Bivens, District Attorney General; and Bruce I. Griffey, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS and PROCEDURAL HISTORY

On July 12, 2012, the petitioner pled guilty in the Benton County Circuit Court to aggravated sexual battery in exchange for a ten-year sentence at 85%. The original judgment form, however, listed the sentence to be served as 100% as a "Child Predator." On April 16, 2015, apparently in response to the petitioner's "Motion to Correct Clerical

Error," the trial court entered a corrected judgment reflecting that the sentence was to be served at 85% release eligibility.[1]

On July 23, 2015, apparently in response to another motion by the petitioner that is not in the record before this court,[2] the Benton County Circuit Court entered an "Order Denying Request for Additional Relief as Moot." The order states:

> A corrected [j]udgment was entered in this matter to reflect a sentence of ten (10) year[s] with an eighty-five [percent] release eligibility review date in accordance with the terms of a plea agreement. Defendant filed additional motion(s) with the Clerk's office shortly before entry of the corrected judgment and apparently prior to his receipt of the corrected judgment.

> Accordingly, Defendant's request for additional relief is **DENIED** as moot based on entry of the corrected judgment. Any additional claim(s) for relief shall reference the corrected judgment and the legal grounds to support the requested relief.

On August 10, 2015, the petitioner filed a *pro se* petition for writ of habeas corpus in the Lake County Circuit Court in which he alleged that his judgment was void due to the ineffective assistance of counsel, which resulted in his entry of an involuntary and unknowing guilty plea. In his habeas corpus petition, the petitioner stated that he had previously filed a petition for post-conviction relief, which had been denied by the Benton County Circuit Court on the basis that it failed to present a colorable claim for relief.

On August 31, 2015, the Lake County Circuit Court entered a detailed written order denying the petition for writ of habeas corpus on the basis that the petitioner's only allegation, of ineffective assistance of counsel, had not only been previously presented in a post-conviction petition but also did not constitute a cognizable claim for habeas corpus

---

[1] The record before this court includes the "State's Response to Defendant's Motion to Correct Clerical Error," in which the State conceded that the 85% release eligibility was part of the petitioner's plea-bargained sentence. It also includes the corrected judgment entered by the trial court.

[2] The petitioner attached certified copies of a "Motion to Correct Illegal Sentence" and "Motion of Disposition" as exhibits to his appellate brief, alleging in the "Motion to Correct Illegal Sentence" that his ten-year sentence was illegal because it was "above the State of Tennessee mandatory minimum for his class and range." However, no such copies are included in the official record before this court. "It is settled law that documents merely attached to appellate briefs cannot be considered by this [c]ourt because they are not properly part of the certified record." Jeffrey Lynn Myers v. State, No. M2004-02411-CCA-MR3-PC, 2005 WL 1541870, at *5 n.7 (Tenn. Crim. App. June 29, 2005) (citing State v. Matthews, 805 S.W.2d 776, 783-84 (Tenn. Crim. App. 1990)).

relief because the allegation, even if true, would render his judgment voidable rather than void.

On September 10, 2015, the petitioner filed a notice of appeal of the judgment of the Lake County Circuit Court denying his petition for writ of habeas corpus. On October 9, 2015, this court entered an order remanding the case to the trial court for the purposes of addressing the petitioner's motion to proceed as a poor person and for the appointment of counsel. On October 19, 2015, the Lake County Circuit Court entered an order finding that the petitioner was indigent and appointing counsel to represent him in his appeal.

## ANALYSIS

On appeal, the petitioner's counsel concedes that the Lake County Circuit Court would not be the proper place for the petitioner to file a Rule 36.1 motion to challenge the alleged illegality of his sentence. He further concedes that the petitioner did not file a timely notice of appeal of the Benton County Circuit Court's "Order Denying Request for Additional Relief as Moot." However, he urges this court, in light of the complexity of the law and the recent developments in Rule 36.1, to grant some leniency to the petitioner's *pro se* attempts to preserve his rights and thus, "[i]n the interests of justice," to "consider the Notice of Appeal filed in Habeas Corpus Court to be an untimely filed Notice of Appeal of the denial of the [petitioner's] Motion [to Correct] Illegal Sentence." He further argues that this court, in the interest of justice, should waive the untimely filing of the notice of appeal of the denial of the petitioner's motion to correct his illegal sentence and to consider the issue on its merits.

The State responds by arguing that the petitioner's Rule 36.1 claim is waived, untimely, and meritless because, among other things: the record contains no motion for the correction of an illegal sentence; the thirty-day time limit for the petitioner to appeal the Benton County Circuit Court's "Order Denying Request for Additional Relief as Moot," has passed; the petition for writ of habeas corpus, which was filed in a different court, "tackl[ed] an entirely different issue" and cannot be treated as a notice of appeal of the actions of the Benton County Circuit Court; and the petitioner has failed to make a "colorable claim of illegality" because the petitioner's ten-year sentence for the Class B felony of aggravated sexual battery fell within the applicable range of sentencing for a Range I offender convicted of a Class B felony.

As an initial matter, we disagree with the State's contention that the petitioner's sentence is not illegal because it fell within the applicable range of sentencing for a Range I offender. Effective July 1, 2007, Tennessee Code Annotated section 39-15-523, which previously required 100% service of sentence only for "child rapists" and "multiple rapists," was amended to include a "child sexual offender," which was defined as anyone convicted of committing an offense on or after July 1, 2007, that is classified as a "predatory offense."

Among "predatory offenses" is aggravated sexual battery of a victim less than thirteen years of age. See Tenn. Code Ann. §§ 39-13-523(a)(2)(A)(4)(A) (Supp. 2007); 39-13-504(a)(4) (2006).

Regardless, we conclude that the petitioner's Rule 36.1 claim on appeal is not properly before this court. Rule 36.1 of the Tennessee Rules of Criminal Procedure provides in pertinent part:

> Either the defendant or the state may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. Except for a motion filed by the state pursuant to subdivision (d) of this rule, a motion to correct an illegal sentence must be filed before the sentence set forth in the judgment order expires. The movant must attach to the motion a copy of each judgment order at issue and may attach other relevant documents. The motion shall state that it is the first motion for the correction of the illegal sentence or, if a previous motion has been made, the movant shall attach to the motion a copy of each previous motion and the court's disposition thereof or shall state satisfactory reasons for the failure to do so.

Tenn. R. Crim. P. 36.1(a)(1).

We deem it too great of a stretch for us to treat the petitioner's appeal of the Lake County Circuit Court's denial of his petition for writ of habeas corpus based on a claim of ineffective assistance of counsel as the *de facto* appeal of the Benton County Circuit Court's denial of the petitioner's motion to correct his sentence. Even if we were to do so, the notice of appeal would be untimely and we would decline to waive the timely filing requirement. See Tenn. R. Crim. P. 36.1(d). Accordingly, we dismiss this appeal.

## CONCLUSION

Because the matter that the petitioner attempts to appeal is not properly before this court, we dismiss the appeal.

_____
ALAN E. GLENN, JUDGE

4